IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-27-TAV-CCS |
| | ) | |
| SYLVIA HOFSTETTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On September 14, 2017, the undersigned entered a Memorandum and Order [Doc. 258], finding that Defendant Hofstetter's continued detention until the October 16, 2018 trial date violates due process; ordering her release on conditions to be determined at a hearing; staying her release for fourteen days to permit the Government to appeal the ruling to the Chief District Judge;[1] and continuing the stay through the pendency of the appeal, if one is taken. The following day, the Government filed a Motion to Reconsider Portion of Memorandum and Order Finding Due Process Violation [Doc. 259], asking the Court to clarify whether it would have found a due process violation on the basis of the length of detention alone (factor one) and without finding that the Government was responsible for the delay (factor two).

---

[1] After the Government filed its Motion to Reconsider, the Court ordered [Doc. 261] that the fourteen days for filing an appeal to the Chief District Judge would begin once the Court ruled on the Motion to Reconsider.

It contends that, if the Court issues such a clarification, it would not seek to appeal the Court's ruling that the Defendant should be released on conditions.[2]

On September 26, 2017, Defendant Hofstetter responded [Doc. 264], asking the Court to take whatever action it deemed necessary to achieve the Defendant's release on conditions. She agrees with the Court's finding that her continued pretrial detention violates due process and that she should be released on conditions pending trial. She interprets the Court's September 14 Memorandum and Order as not faulting the Government or questioning its decisions to bring superseding indictments but as simply observing that those decisions caused delay, which should be attributed to the Government. Defendant Hofstetter asks that the Court go forward with a hearing to set conditions of release in order to avoid any further delay or due process violation.[3]

In its September 14 ruling, the Court found that Defendant Hofstetter's projected forty-four (44) months of pretrial detention through her October 16, 2018 trial date violates due process and constitutes punishment. In arriving at this ruling, the Court used the Second Circuit's four-factor test: The "four factors to be considered in determining if the pretrial detention is unconstitutionally excessive [are]: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based." *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) (finding the case law from the Second Circuit to be "particularly instructive" on whether prolonged pretrial detention is a violation of due process) (citing *United*

---

[2] The Government asks to be heard at the hearing on the appropriate conditions of release and also to present some information pertinent to conditions of release at a sealed, *ex parte* hearing. [Doc. 259, p.2 n.2]

[3] Defendant states that, in responding to the Government's Motion to Reconsider, she is not waiving any arguments with regard to a future appeal of the Court's September 14 Memorandum and Order.

*States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000)); *see also United States v. Omar*, 157 F. Supp. 3d 707, 715 (M.D. Tenn. 2016) (applying the *El-Hage* factors). In weighing these factors, the undersigned found factors one and two to weigh heavily in favor of the Court finding a due process violation in this case. The Court found factors three and four weighed against finding a due process violation. Additionally, the Court found that Defendant Hofstetter's release did not pose "an extraordinary threat" to the Government's interest in assuring the safety of the community and the Defendant's presence at trial. The Government now asks the Court to reweigh the factors, assuming that factor two is neutral.[4]

The Court begins by observing that "'[w]hile the length of pretrial detention is a factor in determining whether due process has been violated, the length of detention alone is not dispositive and "will rarely by itself offend due process."'" *Omar*, 157 F.Supp.3d at 716 (quoting *El–Hage*, 213 F.3d at 79 (collecting cases, citation omitted)). However, as noted by the court in *Omar*, "[t]o say that the length of detention alone will rarely offend due process does not mean that it is not possible." *Id.* As the undersigned observed in its Memorandum and Order, the projected length of detention in this case of forty-four months until the October 2018 trial date is among the longest terms of detention of any of the cases analyzing a due process violation that this Court has reviewed.

---

[4] In assuming that factor two weighs neither for, nor against, finding a due process violation, the Court is not reversing or overturning its prior findings with respect to factor two, including its finding that the Government was not at "fault" with regard to its decision to seek superseding indictments. Instead, the Court is merely doing what the Government requested, which is to determine if it would reach the same result based on a finding that factor two is neutral (or, stated another way, without weighing factor two in the analysis).

In fact, in its review of Second and Sixth Circuit case law,[5] the Court encountered only two projected terms of detention that were longer that Defendant Hofstetter's projected forty-four-month term: In *United States v. Rodriguez*, the defendant faced a projected term of detention of fifty (50) months. No. 09–CR–331A, 2012 WL 6690197, *10-11 (W.D.N.Y Dec. 21, 2012). In that case, the Northern District of New York observed that the "longest periods of detention that the Second Circuit has ever authorized[, all shorter than the fifty months faced by Rodriguez,] involved a Continuing Criminal Enterprise or an 'unprecedented scope of violence' related to international terrorism[.]" The *Rodriguez* court concluded that the "first factor thus weighs heavily in defendant's favor and tends to make this case the 'rare' instance when the total length of pretrial detention by itself offends due process." *Id.* at *11. In *Omar*, a case from the Middle District of Tennessee, the defendant had been detained for four years and no trial date had yet been set. 157 F.Supp.3d at 714. Our sister district held that "[i]f this is not the rare case where the length of pretrial detention alone amounts to a due process violation, it comes close. At a minimum, the extended length of pretrial incarceration calls for heightened scrutiny." *Id.* at 716. Thus, the instant case approaches those in which factor one alone was determinative or nearly so.

In *Omar*, the court found that in cases in which the term of pretrial detention is longer than two years, "courts have typically upheld detention only if the government was not responsible for any significant portion of the delay and special circumstances indicated that the defendant's release would pose an extraordinary threat to the government's regulatory interests in detention." *Id.* at 717. Although for purposes of the instant analysis, the Court is considering factor two (the government's responsibility for the delay) to be neutral, the Court finds, as it did

---

[5] The Sixth Circuit uses the four-factor test established in the Second Circuit, so case law from the Second Circuit is particularly relevant. *See Watson*, 475 F. App'x at 601.

in its September 14 Memorandum and Order, that this is not a case in which Defendant Hofstetter's release poses an "extraordinary threat" to the Government's interest in preserving the safety of the community and bringing Defendant Hofstetter to trial.

With regard to Defendant Hofstetter's dangerousness to others and the community, the Court observes that the concerns about her dangerousness raised at her March 13, 2015 detention hearing stemmed from her perceived ability to continue running the clinics at issue in this case and, in this way, to continue to participate in the distribution of controlled substances. In this regard, the Government argued at the detention hearing that Defendant Hofstetter was the biggest distributor of controlled substances in the history of this district and that the drug conspiracy that she allegedly headed led to many other crimes. The Government now argues that it is investigating over one hundred fifty (150) suspected overdose deaths linked to the alleged drug conspiracy. However, as stated in its September 14 Memorandum and Order, the Court finds that the clinics at issue in the instant case are now closed and that Defendant Hofstetter is no longer in a position to affect the distribution of controlled substances. Moreover, conditions of release could be placed on Defendant Hofstetter prohibiting her from working in the medical management or healthcare field. Finally, the Court observes that the Government has not alleged that Defendant Hofstetter is a particular danger to her codefendants, the defendants in the related cases, or to potential witnesses in this case. Accordingly, the Court finds that Defendant Hofstetter's release on strict conditions would not pose an extraordinary threat to the safety of others or the community.

The Court also finds that the Defendant's release on strict conditions is not an extraordinary threat to the Government's ability to bring her to trial. First, the Court observes that all of Defendant Hofstetter's codefendants, most of whom are charged in the same drug conspiracy and one of whom also faces enhanced penalties due to allegations of a death, are presently released

on conditions. The Court notes that none of these codefendants have attempted to flee, despite facing lengthy prison sentences if convicted. Second, although Defendant Hofstetter has few connections to this district and numerous connections to Florida, she has no history of fleeing criminal prosecution or failure to appear. Third, the Court finds that it can impose strict conditions of release, such as electronic monitoring and house arrest, which would restrict the Defendant's opportunity to flee. While the Court acknowledges that some risk that the Defendant will flee remains, the Court finds that with the imposition of strict conditions, that risk does not rise to the level of an extraordinary threat.

Accordingly, the Court finds that even if it were to consider the second factor to be neutral, the projected length of Defendant Hofstetter's detention weighs heavily in support of finding a due process violation. Although factors three and four weigh against finding a due process violation, those factors do not overcome factor one, particularly because the Court finds that the Defendant's release on strict conditions does not pose an extraordinary threat to the safety of others and the community or to the Government's ability to bring her to trial. Thus, even without weighing factor two in the analysis, the Court continues to find, based on the unique facts of this case, that Defendant Hofstetter's projected term of pretrial detention violates due process and constitutes punishment. The Court finds that Defendant Hofstetter should be released, following a hearing to consider the appropriate conditions. The Government has stated that if the Court "make[s] it clear that it would have reached the same result on the basis of the delay length alone, the United States will not seek an appeal of the M&O." [Doc. 259, p.1] Accordingly, the Court will set a hearing on the appropriate conditions of release.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge