IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| BENJAMIN RODRIGUEZ, | ) | No. 3:15-CR-27-TAV-DCP |
| SYLVIA HOFSTETTER, | ) | |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, and | ) | |
| HOLLY WOMACK, | ) | |
| Defendants. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on May 2, 2018, for a scheduled motion hearing on Defendants Hofstetter and Clemons' Motion to Extend the Pretrial Motion Cut-off Date [Doc. 315] and three pending motions [Docs. 175, 177, & 178], which the Court ordered [Doc. 308] be reargued due to the filing of superseding charges. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorneys Charles C. Burks, Jr., and Loretta G. Cravens represented Defendant Hofstetter. Attorney Christopher J. Oldham appeared on behalf of Defendant Newman. Attorney Randall E. Reagan represented Defendant Cynthia Clemons. Attorney Christopher Rodgers appeared on behalf of Defendant

Womack. Attorney Roderick D. Vereen appeared by telephone, representing Defendant Rodriguez. Defendants Hofstetter and Clemons were also present for the hearing.[1]

The Court began by arraigning Defendants Hofstetter and Clemons on the Fourth Superseding Indictment [Doc. 320], which the Grand Jury returned the previous evening. The new Indictment adds seven new counts: A drug conspiracy (Count Four) charging Defendants Hofstetter, Newman, Clemons, and Womack and adding an enhanced penalty for Defendants Hofstetter, Newman, and Clemons for alleged overdose deaths; a money laundering conspiracy (Count Five) as to Defendant Hofstetter; two substantive counts of drug distribution for Defendants Hofstetter and Newman (Counts Fourteen and Seventeen), each charging an enhanced penalty for an alleged overdose death; and two substantive counts of drug distribution for Defendants Hofstetter and Clemons (Counts Fifteen, Eighteen, and Nineteen), each of which also charge an enhanced penalty for an alleged overdose death. Following the arraignment, the Court sought to determine the effect of these new charges on the requested extension of the motion deadline and the schedule in this case.

AUSA Stone informed the Court that there is a small amount of additional discovery relating to the new charges, mostly information relating to the allegations of overdose deaths, which he would produce to defense counsel within seven days.[2] He stated that the DOMEX

---

[1] Prior to the hearing, Mr. Vereen contacted Chambers and requested that Defendant Rodriguez be excused and that he appear by telephone. At the hearing, counsel for Defendants Newman and Womack asked that their clients also be excused, noting that Defendants Newman and Womack are both working, do not have any motions pending, and did not know about the filing of a Fourth Superseding Indictment. The Court excused Defendants Rodriguez, Newman, and Womack.

[2] The Court notes that AUSA Stone agreed to identify the deceased individuals, who are listed in the Indictment by initials, to defense counsel. He also stated that he was attempting to identify other deceased patients of the pain clinics involved in this case, at least by obtaining a death certificate, and that he would turn this information over to defense counsel as he received it.

2

analysis relating to the patients from the Tennessee pain clinics ("DOMEX Phase One") would be complete in one or two weeks. He stated that work on DOMEX Phase Two, which is the analysis of the patient files seized from the Hollywood, Florida pain clinic, began this week, with workers starting to scan and digitize this data. Mr. Stone could not provide an estimated date for the completion of DOMEX Phase Two but stated that he expected this analysis to proceed much more quickly than Phase One, because much less data is involved and the workers are performing the digitization themselves. In light of the discovery yet to be provided, Mr. Stone stated that defense counsel will need considerable time to review discovery and file pretrial motions. Additionally, Mr. Stone has been informed that Drug Enforcement Administration ("DEA") agents destroyed much evidence relating to the Florida clinic and that he anticipates that the Defendants may file motions relating to the spoliation of this evidence. AUSA Stone also noted that the extradition hearing for Defendants Sartini and Palma, who have yet to appear in this case, will take place in Rome, Italy, on May 31, 2018.[3]

Mr. Burks stated that Defendant Hofstetter was not waiving her speedy trial rights and did not want to continue the October 16, 2018 trial. Mr. Oldham objected to discovery streaming in over time and stated that he also wanted to keep the October 16 trial date. He urged the Court to impose limitations and deadlines on the Government that would provide certainty in this case. Mr. Oldham suggested suspending the current schedule and setting a status conference to give the parties time to discern the status of discovery and how much additional time is needed for motions. AUSA Stone reminded the Court and the parties that this case has been declared extended and complex, without objection from the Defendants, and that it was not subject to the

---

[3] AUSA Stone stated that if the process for extraditing Defendants Sartini and Palma is protracted and these Defendants cannot be ready for trial until well after the U.S. Defendants, he would be inclined to sever these two Defendants for a separate trial.

normal timeframe of an ordinary case. Mr. Reagan stated that although he had reviewed some of the discovery that the Government produced at the end of March, he cannot estimate how much additional time he needs to file motions, because he has not seen the new discovery. He noted that his client is not happy about the potential for a trial continuance but that the additional charges will require her experts to review the information on the new allegations of overdose deaths. Mr. Rodgers stated that he was still reviewing the first terabyte of discovery that he received from the Government. He agreed with the need for a status conference and asked that Defendant Womack be arraigned on the Fourth Superseding Indictment at that time.

Mr. Oldham asked that, given the three Superseding Indictments since the Defendants filed and argued pretrial motions, the Court permit the Defendants to revisit motions previously raised, if warranted by the new charges. AUSA Stone opposed a blanket reopening of previously litigated motions and encouraged the Court to require the Defendants to file a motion for leave to reopen or relitigate a previously filed motion. In this respect, he observed that the Fourth Superseding Indictment contains basically the same charges as the Third Superseding Indictment, with the addition of enhanced penalties for more overdose deaths. Mr. Oldham disagreed with AUSA Stone's characterization of the changes in the new Superseding Indictment, arguing that the circumstances are greatly altered for Defendant Newman. Moreover, he argued that the Defendants filed motions three Superseding Indictments ago, not one. Mr. Burks contended that the case changed greatly with the filing of the Third Superseding Indictment in January of this year. He said that he did not oppose asking for leave to refile a motion but that he anticipated the need to revisit, at least, the motion for change of venue.

After considering the positions of the parties and the Government's estimation of the timing of additional discovery, the Court finds that a status conference is necessary and has set

a status conference for **June 11, 2018, at 1:30 p.m.** The Government is directed to disclose all discovery currently in its possession relating to the Fourth Superseding Indictment by **May 9, 2018**. The Government shall disclose the DOMEX Phase One report on or before **May 16, 2018**. The Court expects the Government to disclose the digitized data for the DOMEX Phase Two as soon as it is completed and prior to the June 11 hearing. The Court also encourages disclosure of any other discovery, including the DOMEX Phase Two analysis, if completed, before the June 11 hearing. The Court expects defense counsel for all Defendants currently in the case will conduct at least an initial review of all discovery provided prior to the June 11 hearing. The Court finds the diligent efforts of all parties is necessary to permit the Court to set an aggressive, yet realistic schedule at the June 11 hearing.

The current schedule of deadlines regarding the filing of pretrial motions, the disclosure of experts, and the filing of motions relating to experts is currently **SUSPENDED**, to be reset at the June 11 hearing, unless the filing and litigation of a motion to continue the trial requires the Court to reset the schedule before that date. The deadline for concluding plea negotiations will remain set for **August 31, 2018**, and the trial remains set for **October 16, 2018.**

The June 11 hearing will also be a motion hearing on Defendants Newman and Clemons' Motion for Severance of Defendants [Doc. 178]. Any motions to join in this motion, motions to withdraw from this motion, or additional supplemental filings must be filed on or before **June 4, 2018**. In particular, the Government is **DIRECTED** to file a supplemental brief addressing whether the statements previously filed with the Court for *en camera* review [Docs. 215 & 219] still pose a *Bruton* issue and whether any other statements must be considered in the *Bruton* analysis. [*See* Doc. 308, pp. 31-34, 48]

Finally, the Court intends to conduct an arraignment of Defendants Rodriguez, Newman, and Womack on the Fourth Superseding Indictment at the June 11 hearing. These Defendants must be present, with counsel, at the June 11 hearing. Alternatively, these Defendants may file a Rule 10 waiver [*see* Docs. 226-228] and be excused from this hearing. Even if Defendants waive their appearance, defense counsel must appear for the June 11 hearing in order to participate in additional scheduling in this case.[4]

Accordingly, it is **ORDERED**:

(1) The parties are to appear before the undersigned on **June 11, 2018, at 1:30 p.m.**, for a status conference, motion hearing, and arraignment on the Fourth Superseding Indictment;

(2) The deadlines for filing pretrial motions, making expert disclosures, and filing motions relating to experts are **SUSPENDED**, until the June 11 hearing or such other time that the Court may reschedule them. All other dates and deadlines previously set in this case, including the plea deadline on **August 31, 2018**, and the **October 16, 2018** trial date shall remain the same at this time;

(3) The Court will hear reargument on Defendants Newman and Clemons Motion to Sever Defendants [Doc. 178] at the June 11 hearing;

(4) The Government must provide all discovery currently in its possession relating to the Fourth Superseding Indictment by **May 9, 2018**;

(5) The Government shall disclose the DOMEX Phase One report on or before **May 16, 2018**;

(6) To the extent possible, the Government shall disclose any other discovery prior to the June 11 hearing, giving sufficient time for defense counsel to survey the discovery before the hearing;

---

[4] The Court also expects Defendants to appear for motion hearings at which they have a motion pending or if a motion to continue the trial is pending, unless defense counsel contacts Chambers prior to the day of the hearing and the Defendant is excused.

(7) The parties are to file any motions to join in the motion to sever, motions to withdraw from this motion, or additional supplemental filings related to the motion to sever on or before **June 4, 2018**; and

(8) By the **June 4, 2018** deadline, the Government is **DIRECTED** to file a supplemental brief addressing whether the statements previously filed with the Court for *en camera* review [Docs. 215 & 219] still pose a *Bruton* issue and whether any other statements must be considered in the *Bruton* analysis.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge