IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN RODRIGUEZ, | ) | No. 3:15-CR-27-TAV-DCP |
| SYLVIA HOFSTETTER, | ) | |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, and | ) | |
| HOLLI WOMACK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on July 2, 2018, for a motion hearing on Defendant Courtney Newman's Motion to Continue Trial Date and Reset Motion and Discovery Deadlines [Doc. 347], filed on June 15, 2018. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorneys Charles C. Burks, Jr., and Loretta G. Cravens represented Defendant Hofstetter, who was also present. Attorney Christopher J. Oldham appeared on behalf of Defendant Newman. Attorney Randall E. Reagan represented Defendant Cynthia Clemons. Attorney Christopher Rodgers appeared on behalf of Defendant Womack. Attorney Roderick D. Vereen appeared by telephone, representing Defendant Rodriguez. Defendants Newman, Clemons [Doc. 360], Womack [Doc. 353], and Rodriguez [Doc. 357] were excused from the hearing.

At a status conference and motion hearing on June 11, 2018, the Court reset [Doc. 348] the deadlines for providing discovery, filing pretrial motions, responding to motions, and disclosing experts and set several motion hearings.   At that hearing, the Government stated that it could provide all remaining discovery by September 4, 2018, and submitted a proposed pretrial schedule with a July 9, 2019 trial date.   However, none of the parties moved for a trial continuance and, in fact, Defendants Hofstetter, Newman, Clemons, and Womack stated that they wanted to proceed to trial as scheduled.   Accordingly, the Court set an aggressive schedule for discovery, pretrial motions, and expert disclosures and did not continue the October 16, 2018 trial date.

On June 15, 2018, Defendant Newman moved [Doc. 347] for a trial continuance and asked the Court to reset the discovery, motion, and expert disclosure deadlines.  She argued that the new schedule set at the June 11 hearing substantially impaired the Defendants' ability to prepare for trial adequately.  Defendant Newman stated that requiring defense counsel to prepare for trial while a substantial amount of the discovery remained outstanding and with limited opportunity to file pretrial motions violated the due process of law.  Additionally, she noted that during a recess in the June 11 hearing, the Government proposed exchanging lists of the patient files that the parties intend to use at trial.  Defendant Newman stated that she was interested in exploring such an arrangement.  Defendant Newman concluded that a trial continuance would be in the interest of justice.

Defendant Hofstetter responded [Doc. 349] that Defendant Newman's motion is well taken and that the new schedule set on June 11 violates her right to due process and will result in a miscarriage of justice.  Defendant Hofstetter argues that the new schedule requires the Government to provide most of the remaining discovery by July 2; only gives the Defendants seven days, including a holiday, to file dispositive motions; and provides only three weeks to file

nondispositive motions. Defendant Hofstetter argues that defense counsel cannot possibly review the voluminous discovery (some of which the Defendant has yet to receive in a readable format), prepare and litigate pretrial motions, retain experts, and effectively prepare for trial under the deadlines set by the Court. Defendant Hofstetter states that she is not waiving her right to a speedy trial or "specifically moving for a continuance." [Doc. 348, p.4] However, she proposes that the Court, on its own motion, grant an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A), finding that this case is complex or that to do otherwise would result in a miscarriage of justice. Defendant Hofstetter alternatively observes that the Court may grant a continuance on the basis of and for the reasons stated in Defendant Newman's motion to continue.

Defendant Rodriguez responds [Doc. 352] that he does not oppose Defendant Newman's motion to continue the trial. He notes that discovery is ongoing and that he would also benefit from the additional time requested by Defendant Newman. He states that he anticipates entering into a plea agreement, although the parties have not yet agreed to terms. Defendant Rodriguez joins in Defendant Newman's motion to continue, until such time as he enters into a plea agreement.

Defendant Clemons also does not object [Doc. 358] to Defendant Newman's motion. She argues that under the current schedule, the Defendants' motion deadlines will expire before the Government's final discovery disclosure deadline. She states that a trial continuance is necessary for defense counsel to provide the effective assistance of counsel and to protect Defendant Clemons' due process rights.

The Government responds [Doc. 351] that it is not in a position to oppose Defendant Newman's motion, because discovery in this case remains incomplete. It contends that, due to the large and complex nature of this case, it is disclosing all of the discovery to all of the

defendants, as it obtains the discovery, without regard to whether an individual item of discovery is relevant to a particular defendant. The Government maintains that "each defendant is best suited to make his or her own value judgments as to the relevance and materiality of each particular item of discovery. " [Doc. 351, p.1]

At the July 2 hearing, Mr. Oldham relied on the argument in his motion, stating that a trial continuance is necessary to allow defense counsel the time necessary to prepare for trial. Mr. Oldham asked the Court to adopt the proposed schedule submitted by the Government at the June 11 hearing. However, rather than a July 9, 2019 trial date, he asked the Court to select a trial date in the fall of 2019. AUSA Stone estimated that the trial would last four-to-six weeks. Mr. Oldham argued that the trial could last up to two months, depending upon how many patient files the parties introduce. He stated that it is harder to select a jury during the summer months because of vacations and the need to care for school-age children. He opined that a trial in fall 2019 would allow for a more representative jury panel.

Mr. Rodgers informed the Court that he did not file a response on behalf of Defendant Womack, because he was undecided on what position to take. He said he considered joining in the motion but is reluctant to waive Defendant Womack's right to a speedy trial. Thus, he stated that Defendant Womack takes no position with regard to the motion to continue the trial. He approved of the Government's proposed schedule and agreed with Mr. Oldham that it is difficult to select a jury during the summer.

Mr. Reagan related that Defendant Clemons does not object to the requested continuance. He asked the Court to set a "hard" discovery deadline, arguing that at some point, the Government must stop giving new materials in order for the case to get to trial.

Mr. Burks encouraged the Court to grant a trial continuance in this case, arguing that a continuance is in the best interest of the Defendants and the public. Mr. Burks contended that the schedule the Court set on June 11 required the Defendants to file pretrial motions before receiving all of the discovery in this case. He maintained that such a requirement is tantamount to a miscarriage of justice. Mr. Burks argued that the ends of justice require a trial continuance, because, based upon the complexity of this case, it is unreasonable to expect the Defendants to prepare adequately within the time limits of the Act. He stated that he and co-counsel for Defendant Hofstetter are still reviewing discovery and that the Speedy Trial Act gives the Court the authority to continue the trial in this case.

Mr. Vereen stated that Defendant Rodriguez also has no objection to Defendant Newman's motion to continue the trial. He stated that Defendant Rodriguez will be entering into a plea agreement and that he has no preference with regard to dates.

AUSA Stone related that the Government has no objection to a trial continuance. He said that his co-counsel, who works in the RICO unit, has a conflict with setting the trial of this case in the fall 2019, because she has a trial in Las Vegas in October 2019. AUSA Stone said that the Chief District Judge has previously called double the venire in order to insure a jury for a summer trial. He stated that the Government still intends to provide all discovery to the Defendants by September 4, 2018. He noted that the investigation of a case never stops and that, if the Government interviewed new witnesses, new discovery could be generated and provided, after the September 4, 2018 deadline. AUSA Stone stated that the Government is still willing to enter into an agreement with defense counsel to exchange lists of patient files that the parties intend to introduce at trial by the deadline for early Jencks material.

Mr. Reagan said that he did not want to enter into an agreement to limit the number of files Defendant Clemons would introduce at this time. Mr. Reagan wanted more time to discuss a potential agreement to exchange lists of patient files with the Government.

The Court finds Defendant Newman's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendant Rodriguez joins in the motion and that Defendants Clemons and Womack do not oppose the motion. Defendant Hofstetter agrees with the need to continue the trial and extend the schedule, although she does not join in the motion or waive her right to a speedy trial. All of the Defendants are amenable to the Government's proposed schedule, which would continue the trial nine months from the October 16, 2018 trial date. Defendants Newman and Womack propose an eleven-month continuance to avoid a summer trial.

Two months after the filing of the original Indictment in this case, the Court declared [Doc. 44] this case to be complex for speedy trial purposes. The Court found "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, due to the nature of the prosecution and the number of defendants involved in this and related cases. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case has only increased in complexity with the passage of time. The Government has brought four Superseding Indictments [Docs. 70, 224, 278, and 320]. The Third Superseding Indictment [Doc. 278] filed on January 4, 2018, added three new Defendants, two of whom are involved in extradition proceedings in Italy and have yet to appear in this case. The Fourth Superseding Indictment [Doc. 320], filed on May 1, 2018, added a second drug conspiracy, a second money laundering conspiracy, and five counts of distributing or dispensing controlled

substances. All of these new charges, with the exception of the money laundering conspiracy, have enhanced penalties due to alleged overdose deaths. Thus, the Court continues to find this case to be complex for speedy trial purposes.

Additionally, the Government has provided and is in the process of providing new discovery relating to the charges in the Third and Fourth Superseding Indictments. At the June 11 hearing, the Defendants related that the Government had provided thousands of pages of discovery relating to the new charges. AUSA Stone related that the Government had the following outstanding discovery: Email seized pursuant to search warrants, the contents of Defendant Christoper Tipton's email server, and subpoenaed financial information. It stated that the first two items are presently under review by a filter team. The Court ordered [Doc. 348] the Government to disclose the remaining discovery relating to the new charges in the Fourth Superseding Indictment by July 2, 2018. Defense counsel contend that they cannot review the newly received discovery and litigate pretrial motions before the October 16 trial date. The Court finds that counsel for the Defendants need time to receive and review all of the discovery and to prepare and file pretrial motions. The Court will need time to hear these motions and time to prepare rulings and reports and recommendations on the pretrial motions. 18 U.S.C. § 3161(h)(1)(H). The parties will need time to file any objections to those reports or rulings, and the District Judge will need time to rule on motions. 18 U.S.C. § 3161(h)(1)(H). Finally, once counsel review discovery and litigate pretrial motions, they will need time to complete their investigation of the case, interview witnesses, confer with expert witnesses, and prepare for trial. The Court finds that all of this cannot occur by the current trial date of October 16, 2018.

The Defendants also argue that they will not have time to review the Government's expert reports, to have those reports examined by defense experts, and to prepare and litigate

motions relating to experts before the October 16 trial date. At the June 11 hearing, the Government stated that it has yet to release either Phase I (information from the Tennessee clinics) or Phase II (information from the Florida clinic) of its DOMEX report. Mr. Stone proposed releasing the DOMEX Phase I in three parts in one week, thirty days, and sixty days. He proposed releasing the DOMEX Phase II by September 4, 2018. The Defendants contend that receiving the DOMEX reports by September 4, 2018, does not give them time to review and prepare to meet this evidence at trial. Accordingly, the Court finds that without a trial continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 347**] is **GRANTED**, and the trial is reset to **June 3, 2019**. The Court also finds that all the time between the filing of the motion on June 15, 2018, and the new trial date of June 3, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The schedule in this case is reset, as set out below.

Accordingly, it is **ORDERED**:

(1) Defendant Courtney Newman's Motion to Continue Trial Date and Reset Motion and Discovery Deadlines [**Doc. 347**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 3, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Newman's motion on **June 15, 2018,** and the new trial date of **June 3, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government shall provide all discovery and both phases of the DOMEX report as soon as possible and no later than **September 4, 2018**. This is a firm deadline, and undisclosed discovery within

the Government's possession or control prior to September 4, 2018, will be vulnerable to exclusion pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C) (providing that if a party fails to comply with Rule 16 discovery, the Court may prohibit the party from introducing the undisclosed evidence);

(5) The Government's deadline for making the expert disclosures required by Federal Rule of Criminal Procedure 16(a)(1)(G) is **November 5, 2018**;

(6) The deadline for pretrial motions relating to the new charges in the Fourth Superseding Indictment and/or discovery received after the last motion filing deadline on May 19, 2017, is **November 19, 2018**. This deadline *will not be extended* without good cause;

(7) Responses to pretrial motions are due on **December 19, 2018**;

(8) The Defendants' deadline for making the expert disclosures required by Federal Rule of Criminal Procedure 16(b)(1)(C) is **January 7, 2019**;

(9) The parties are to appear before the undersigned for a motion hearing on all pretrial motions on **January 7, 2019, at 9:30 a.m.**;

(10) Motions challenging experts ("*Daubert* motions") by any party are due on **March 8, 2019**. Responses are due on **March 22, 2018**;

(11) The parties are to appear before the undersigned for a hearing on all *Daubert* motions on **April 9, 2019, at 9:30 a.m.**;

(12) Early Jencks Act disclosures are due on **April 3, 2019**;

(13) The deadline for concluding plea negotiations and providing reciprocal discovery is **May 3, 2019**;

(14) Motions *in limine* must be filed on or before **May 6, 2019**; and

(15) Special requests for jury instructions with appropriate citations as required by Local Rule 7.4 shall be submitted to the Chief District Judge by **May 20, 2019**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge