IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA HOFSTETTER, | ) | No. 3:15-CR-27-TAV-DCP |
| COURTNEY NEWMAN, and | ) | |
| CYNTHIA CLEMONS, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On September 13, 2018, Defendants Hofstetter, Newman, and Clemons filed a Joint Motion for Discovery of Raw Data for Complete DOMEX File [Doc. 369], stating that on September 4, 2018, the Government provided reports in PDF format derived from "the DOMEX raw data." The Defendants argue that without the "complete DOMEX file in its original spreadsheet [E]xcel format," it is too costly for them to confirm the validity of the Government's reports. They ask the Court to order the Government to provide the Excel spreadsheet of the DOMEX file and to "identify, provide, and set out all of the source documents used" to create the reports at issue.

The Government responds [Doc. 371] that it has already provided in discovery all of the raw data, i.e., the patient files, for the DOMEX reports. It points out that the DOMEX reports themselves are not discovery but, instead, are expert or summary materials analyzing data

already disclosed to the Defendants. However, the Government states that it has provided the following work product to the Defendants, as an accommodation:

> (1) a standardized PMP spreadsheet, (2) a spreadsheet identifying imaging locations per patient, (3) a spreadsheet noting payment information per patient, (4) a "guide" spreadsheet notating the sources of data points derived from the patient files used in the analysis, (5) a spreadsheet notating aspects of the patient records reviewed, (6) a spreadsheet outlining patient demographics, and (7) a spreadsheet listing the patients for whom records were reviewed.

[Doc. 371, p.2 (footnote omitted)]. The Government argues that, although it has provided the information requested, the Court should deny the Defendant's motion and decline to involve itself in the parties' informal sharing of information, because the Court has already ruled the DOMEX products are not discoverable [Doc. 348] and because no actual dispute exists. In this regard, the Government states that it would have provided these materials, in the absence of the motion, had the Defendants simply asked for them.

In its Memorandum and Order of June 19, 2018, the Court noted that the new discovery deadline of July 2, 2018, "does not include the DOMEX reports, which the Court considers to be expert or summary materials, analyzing information already disclosed," [Doc. 348, p.8 n.8]. Accordingly, the Court agrees with the Government that the spreadsheets requested by the Defendants are likely not discoverable, at least not at this juncture. However, the Court commends the Government for disclosing the spreadsheets at this time. Moreover, even if the DOMEX raw data were discoverable, the Court has already ordered [Doc. 8, p.7][1] the Defendants to first request from the Government any "discovery sought and be declined same prior to the filing

---

[1] Although the Court's Order on Discovery and Scheduling [Doc. 8] was entered on March 10, 2015, which is well before the instant defense counsel joined the case, this is the Court's standard order that it enters in all criminal cases. Accordingly, defense counsel should be familiar with this requirement.

of any motion." The Defendants' failure to follow this procedure in the instant matter has needlessly involved the Court. The Defendants' Joint Motion for Discovery of Raw Data for Complete DOMEX File [**Doc. 369**] is **DENIED** and is also found to be **moot**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3