IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA HOFSTETTER, | ) | No. 3:15-CR-27-TAV-DCP |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, and | ) | |
| HOLLI WOMACK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on November 26, 2018, for a motion hearing on Defendant Hofstetter's Motion for an Extension of Time in Which to File Pretrial Motions [Doc. 390] and Defendant Clemons's Motion to Adopt Motion of Co-defendant [Doc. 391], both of which were filed on November 19, 2018. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorneys Charles C. Burks, Jr., and Loretta G. Cravens represented Defendant Hofstetter. Attorney Christopher J. Oldham appeared on behalf of Defendant Newman. Attorney Randall E. Reagan appeared by telephone, representing Defendant Clemons. Attorney Christopher Rodgers appeared on behalf of Defendant Womack. All four Defendants were excused from attending the hearing.

By way of background, the Court observes that on July 2, 2018, the Court continued [Doc. 364] the trial and reset the schedule in this case, at the Defendants' request. At that time, the Court set a new discovery deadline of September 4, 2018. The Court also set a motion deadline of November 19, 2018, "for pretrial motions relating to the new charges in the Fourth Superseding Indictment and/or discovery received after the last motion filing deadline on May 19, 2017" [Doc. 364]. The Court expressly stated that the November 19 motion deadline "*will not be extended without good cause*" [Doc. 364 (italics in original)]. On November 14, 2018, Defendant Newman moved [Doc. 386] for a one-week extension of the November 19 motion deadline in order to complete discussions with AUSA Stone that might affect pretrial motions. Defendant Newman stated that AUSA Stone did not oppose the one-week continuance of the motion deadline. The Court extended [Doc. 388] Defendant Newman's motion "for good cause shown" and extended her motion deadline to November 26, 2018.

On November 19, 2018, Defendant Hofstetter asked [Doc. 390] the Court to continue her motion deadline to December 21, 2018, because Mr. Burks has been involved with protracted litigation on behalf of other clients, which has prevented him from completing his review of discovery and preparation of pretrial motions in this case. The motion notes that counsel for Defendants Newman, Clemons, and Womack, as well as AUSA Stone, have agreed with the requested continuance. On that same day, Defendant Clemons moved [Doc. 391] to adopt Defendant Hofstetter's motion to extend the motion deadline, stating that the issues of law and fact raised therein also apply to her.

On November 20, 2018, the Government responded [Doc. 392], stating that the requested extension would not affect other pretrial deadlines and asking to keep all four Defendants on the same schedule for filing motions. In light of the approaching holiday season, the

Government suggested extending the motion deadline to January 7 and the response deadline to February 7, 2019.

At the November 26 hearing, Mr. Burks stated that he lost a couple of months of preparation time to his work on another case. He stated that the preceding week, he received several hundred thousand emails relating to this case and that he will need to install software that will allow him to open and review this discovery. He said that although co-counsel Ms. Cravens has been working on this case, while he has been tied up with another case, they are not yet ready to file pretrial motions without additional time to review the voluminous emails. Mr. Oldham asked to adopt Defendant Hofstetter's motion for further extension of the motion deadline beyond November 26. He stated that he had not completed his review of a 119-page affidavit supporting two search warrants that was recently unsealed. Mr. Reagan said that he had also been preparing a lengthy legal brief in another case and that he needed additional time to review the discovery in this case. Mr. Rodgers also moved to adopt Defendant Hofstetter's motion on behalf of Defendant Womack. He said that he was appointed to a death penalty case in Chattanooga in August, which has taken time away from his preparations in this case.

AUSA Stone stated that he made all of the new discovery available for inspection and copying by the September 4, 2018 discovery deadline. He said that only Defendant Hofstetter had requested disclosure of all of the email, filtered and unfiltered, received pursuant to search warrants for four email accounts relating to her. AUSA Stone said the email from these accounts were disclosed to counsel for Defendant Hofstetter at the beginning of last week. He said the affidavit supporting the search warrants was disclosed to counsel with the initial discovery in this case but was only recently unsealed for the public. AUSA Stone said the Government would not be prejudiced by the requested extension of the motion deadline.

The Court observed that if it extends the motion deadline to January 7, 2019, rather than December 21, 2018, as originally requested by Defendant Hofstetter, the Defendants may not receive rulings on dispositive motions before the May 3, 2019 plea deadline. Mr. Burks doubted that he and Ms. Cravens could now review the new email discovery and prepare motions by the December 21 deadline and asked the Court to consider the January 7 deadline. He said he was not concerned about the plea deadline elapsing before receiving rulings on dispositive motions. AUSA Stone noted that the Defendants could move to extend the plea deadline, if that became an issue. Mr. Oldham, Mr. Reagan, and Mr. Rodgers all agreed that this would not be a problem.

The Court finds that the Defendants have shown good cause to extend the motion deadline to January 7, 2019. Accordingly, the Court rules as follows:

(1) Defendant Clemons's written motion [**Doc. 391**] and Defendants Newman and Clemons's oral motions to join in Defendant Hofstetter's motion to extend the motion deadline are all **GRANTED**;

(2) The Defendants' joint Motion for an Extension of Time in Which to File Pretrial Motions [**Doc. 390**] is **GRANTED**, for good cause shown;

(3) The deadline for Defendants Hofstetter, Newman, Clemons, and Womack to file pretrial motions relating to the new charges in the Fourth Superseding Indictment and/or discovery received after the last motion-filing deadline on May 19, 2017, is extended to **January 7, 2019**. Again, the Court observes that this deadline *will not be extended* without good cause;

(4) The Government's deadline for responding to pretrial motions is extended to **February 7, 2019**;

(5) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **February 13, 2019, at 9:30 a.m.**;

(6) The motion hearing previously set for January 7, 2019, is cancelled; and

(7) All other dates and deadlines previously set [Doc. 364] in this case, including the Defendants' January 7, 2019 deadline for expert disclosures, shall remain the same at this time.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge