IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:15-CR-27-TAV-DCP |
| SYLVIA HOFSTETTER, | ) | |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, | ) | |
| HOLLI WOMACK, and | ) | |
| BENJAMIN RODRIGUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned for a motion hearing on the Motion to Continue Trial [Doc. 453], filed by Defendant Hofstetter on April 3, 2019, and the Defendants' Joint Motion to Continue Defense Expert Substantive Report Disclosure Deadline, filed on April 5, 2019, by Defendants Hofstetter, Newman, Clemons, and Womack. Assistant United States Attorneys Tracy L. Stone and Kelly Kathleen Pearson appeared on behalf of the Government. Attorneys Charles C. Burks, Jr., and Loretta G. Cravens represented Defendant Sylvia Hofstetter, who was also present. Attorneys Christopher J. Oldham and Mark E. Brown represented Defendant Courtney Newman. Attorneys Randall E. Reagan and Cullen Michael Wojcik represented Defendant Cynthia Clemons. Attorney Christopher Rodgers represented Defendant Holli Womack. Attorney Roderick D. Vereen participated by telephone on behalf of Defendant Benjamin Rodriguez.

Defendant Hofstetter asks [Doc. 453] the Court to continue the June 11 trial in this case for four primary reasons: (1) The Defendants' need to retain a medical doctor as an expert witness; (2) her counsels' need to review certain discovery; (3) her counsels' need to obtain exculpatory records from the Tennessee Department of Health regarding the inspection of the clinics in this case; and (4) her need for additional time to complete a database organizing the discovery for the Defendants' use at trial. She argues that a trial continuance is in the interest of justice, because this case is complex, and that the denial of a continuance would result in a miscarriage of justice and would deny defense counsel the reasonable time necessary to make adequate preparations for trial. *See* 18 U.S.C. § 3161(h)(7)(A)-(B)(i), -(ii), & -(iv). The Government strenuously opposes [Doc. 460] a trial continuance, arguing that Defendant Hofstetter has had over four years to obtain experts and prepare for trial and that discovery in this case has been timely and thorough. Defendant Hofstetter responds [Doc. 464] that some discovery has been furnished recently, that counsel has not been able to review some discovery due to problems with computer software, and that the Government has yet to copy and furnish some discovery. She contends that a continuance is necessary for a fair trial in this case.

At the April 9 motion hearing, the Court heard argument and received exhibits on the matter of a trial continuance. Mr. Reagan joined in the Motion to Continue on behalf of Defendant Clemons, on the issue of the need for a medical expert. Mr. Vereen related that Defendant Rodriguez does not object to a trial continuance. Mr. Oldham and Mr. Rodgers took no position on the motion on behalf of Defendants Newman and Womack. Mr. Burks related that he would be talking with a potential medical expert the next day about whether this doctor would review the files and prepare a report for the Defendants. The Court took the matter of a trial

continuance under advisement. Mr. Burks will advise the Court about whether the Defendants have been able to retain a medical expert at the motion hearing on April 18, 2019.

      The Court also addressed the joint request [Doc. 461] by Defendants Hofstetter, Newman, Clemons, and Womack, to delay disclosure of the substantive reports of their two disclosed experts until the Court's ruling on the motion to continue. By way of background, the Court observes that on January 14, 2019, the Court granted [Doc. 411] the Defendants' unopposed motions to extend the deadline for filing defense expert disclosures, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), from January 7 to February 6, 2019.[1] At that time, the Court also reset the deadline for filing motions challenging experts ("*Daubert* motions") to March 15, 2019, and stated that it would reset the motion hearing for all *Daubert* motions to a date on the week of April 15. On February 6, 2019, the Defendants filed a Joint Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [Doc. 421], providing notice of Dr. Jonathan L. Arden, forensic pathologist and medical examiner, and James Darren McCoy, a nurse practitioner and educator. With regard to both of the Defendants' experts, the Notice states that the Defendants will file, as a supplemental disclosure, reports more fully setting forth the experts' testimony, as soon as the reports are completed by the experts.

      At a February 13 motion hearing on pretrial motions, the Court directed counsel to confer and agree on a date on the week of April 15 for the *Daubert* motion hearing. The parties appeared on February 25 for a continuation of the motion hearing, and the Court set a *Daubert* motion hearing for April 18, 2019, at 9:30 a.m. At that time, AUSA Stone noted that the Government was still awaiting the disclosure of the substantive reports of defense experts and

---

[1] The Court notes that the Defendants' disclosure deadline had been extended and reset several times prior to this, as a part of previous trial continuances and with the entry of new Defendants into the case.

3

might not be able to file *Daubert* motions by the March 15 deadline, depending on when the substantive reports are received. Mr. Wojcik stated that the Defendants have disclosed the identity of their experts and the general substance of their anticipated testimony but confirmed that they have not disclosed the experts' reports. Mr. Wojcik stated that the experts are working intently on these reports.

On March 15, 2019, the Defendants filed a joint *Daubert* motion [Doc. 444], asking to exclude the testimony of certain Government experts and the DOMEX report.[2] No *Daubert* motions were filed on behalf of the Government.

The Court conducted a telephone conference with counsel on March 28, 2019, to learn the status of the disclosure of the Defendants' expert reports. Defense counsel related that Dr. Alden anticipated completing his report by mid-to-late next week and that Mr. McCoy's report would be available any day now.[3] Based upon the limited information the Court received in the telephone conference, the Court amended [Doc. 460] the schedule, requiring the Defendants to disclose the substantive expert reports by April 5, 2019. The Court set a new, expedited deadline of April 12, 2019, for any *Daubert* motions by the Government, and a new deadline of 5:00 p.m., on April 17, 2019, for responding to all *Daubert* motions [Docs. 157, 199, 444, and any motions

---

[2] Also pending is the Defendants' Joint Motion to Exclude Reported Expert Opinions [Doc. 157], filed on May 5, 2017, and seeking to exclude the testimony of Special FBI Agent Stanley N. Jones. Defendants were permitted [Doc. 222] to file a supplement [Doc. 199] to this motion on June 30, 2017. The Court held this motion in abeyance through several continuances of the *Daubert* motion deadline and hearing. The Court will hear this motion at the *Daubert* motion hearing on **April 18, 2019**.

[3] The Court notes that the counsel communicating with these defense experts were not able to participate in the telephone conference, but other defense counsel related what they understood to be the situation with the expert reports.

filed by April 12]. The motion hearing on all *Daubert* motions remained set for April 18, 2019, but the time was changed to 10:00 a.m.

On April 5, 2019, the Defendants filed the Joint Motion to Continue Defense Expert Substantive Report Disclosure Deadline [Doc. 461], asking to continue the April 5 deadline for disclosing their expert reports until the Court rules on the motion to continue the trial. The motion states that a trial continuance will necessarily affect all deadlines going forward and notes that the Court stayed [Doc. 457] the Government's April 3 deadline for early disclosure of Jencks Act materials, until it rules on the motion to continue the trial. The motion also hints at the possibility that the expert reports are not complete, stating that the "Defendants have worked jointly and diligently with their noticed experts . . . to complete their substantive reports, and have made significant progress" [Doc. 461, p.1]. The Government responded [Doc. 463] in opposition to this motion, arguing that the Defendants should be ordered to disclose their expert reports immediately and that no valid reason exists for continuing this deadline.

At the April 9 motion hearing, Mr. Wojcik stated that the expert reports of Dr. Alden and Mr. McCoy are in draft form and will be disclosed by the end of the week, if not sooner. He stated that Mr. McCoy requested additional information and is supplementing his draft report. The Court set a deadline of April 12, 2019, for Defendants to disclose the substantive expert reports of Dr. Alden and Mr. McCoy. The Government's April 12 deadline for filing *Daubert* motions is cancelled, to be reset, if necessary, at the April 18 motion hearing. The Court asked the Government to review the expert reports and advise the Court at the April 18 hearing as to whether a new deadline for *Daubert* motions is needed.

Accordingly, the Court **ORDERS** as follows:

(1) The motion [Doc. 453] to continue the June 11 trial date in this case is taken under advisement;

(2) The Joint Motion to Continue Defense Expert Substantive Report Disclosure Deadline [**Doc. 461**] is **DENIED in part**, in that the Court will not hold this deadline in abeyance until it rules on the motion for a new trial;

(3) The Defendants are to disclose the substantive expert reports of their two noticed experts on or before **April 12, 2019**;

(4) The Government's responses to the pending *Daubert* motions [Docs. 157, 199, & 444] filed by the Defendants are due on or before **5:00 p.m., on April 17, 2019**; and

(5) The Court will hold a motion hearing on the pending *Daubert* motions [Docs. 157, 199, & 444] on **April 18, 2019, at 10:00 a.m.** At this hearing, counsel for Defendant Hofstetter will also advise the Court of whether the Defendants will retain an additional medical expert and counsel for the Government will advise the Court on the need for a schedule to litigate any *Daubert* motions by the Government.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge