UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:15-CR-27-TAV-DCP-1 ) |
| SYLVIA HOFSTETTER | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This is the prosecution of a pill-mill conspiracy. As the case extended for years and law-enforcement personnel turned over, many relevant patient records were destroyed by the Drug Enforcement Agency. At issue is whether that destruction violated defendant Sylvia Hofstetter's due-process right to present a complete defense.[1] United States Magistrate Judge Debra C. Poplin issued a report and recommendation ("R&R"), which urged the Court to deny Hofstetter's motion to suppress and for an adverse-inference jury instruction [Docs. 405, 410]. Before the Court now are Hofstetter's objections to that R&R [Doc. 485]. For the reasons that follow, Hofstetter's objections will be overruled, and the R&R will be accepted in full as the ruling of this Court.

This Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive,

---

[1] Because there are no objections to Magistrate Judge Poplin's recitation of the facts [Doc. 485, at 1], further background of this case will not be repeated. That part of the R&R is hereby incorporated by reference [Doc. 474, at 3–13].

or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

The majority of Hofstetter's six pages of unnumbered objections merely express general disagreement with Judge Poplin's recommendations. But parties are not entitled to such a "second bite at the apple," *Senneff v. Colvin*, 2017 WL 710651, at *2 (E.D. Mich. 2017), and district-court review is warranted only where objections are specific, rather than general, *see Mira v. Marshall*, 806 F.2d 636, 637, 637 (6th Cir. 1986).

Hofstetter's objections that are specific enough to deserve review are essentially twofold. First, she argues that Magistrate Judge Poplin incorrectly determined that the destroyed evidence was not materially exculpatory. Second, she argues that the purported violation of 42 C.F.R § 2.19 necessarily demonstrates that the evidence was destroyed in bad faith. Neither argument is persuasive.

Hofstetter's first objection matters because it affects which legal standard governs. The destruction of materially exculpatory evidence violates a defendant's due-process right to present a complete defense if the evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed," and if "the defendant would be unable to

2

obtain comparable evidence by other reasonably available means." *California v. Trombett*a, 467 U.S. 479, 489 (1984). For evidence that is merely "potentially useful," however, a defendant must "show bad faith on the part of the police." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The Supreme Court in *Youngblood* rejected a rule that would "impos[e] on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Id*.

Magistrate Judge Poplin correctly determined that the evidence at issue here was not materially exculpable, and thus she correctly analyzed this case under *Youngblood*. Hofstetter's only argument to the contrary is based on a police report that she concedes was never introduced into evidence before Magistrate Judge Poplin [Doc. 485-1]. But "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Argument based on this police report is therefore abandoned.

In any event, the cited police report does not show that the destroyed evidence would have been exculpatory; it actually suggests the opposite. It describes a patient who obtained an MRI without an appointment from the back of a semi-truck for $250 cash and then was immediately prescribed 156 Roxicodone 30 mg pills, Xanax, and a muscle relaxer
3

after a doctor briefly viewed his MRI [Doc. 485-1]. No other treatments were recommended, and the patient's oxycodone prescription was increased on his second visit [*Id.*]. According to Hofstetter, the fact that the clinic required an MRI at all—combined with the clinic's suggesting physical therapy on the patient's second visit and requiring mobility, blood, and urine testing—shows that the clinic was offering legitimate medical services [Doc. 485, at 3–4]. Hofstetter would have the Court conclude that these facts show that "reasonable medical care was being provided," and therefore "other charts would have contained similar exculpatory information" [Doc. 485, at 4], but she ignores the parts of the police report that suggest the clinic's illegitimacy. At the very least, there is quite a bit of doubt that the report describes the operations of a legitimate medical practice. Drawing the inference Hofstetter wants—that the 1,900 destroyed patient records would have contained more of the same—therefore does not establish that the destroyed evidence would have been exculpatory.

For these reasons, Hofstetter's first objection will be overruled; *Youngblood* was correctly applied to this evidence.

Hofstetter's second specific objection relates to bad faith under *Youngblood*, but it is similarly unavailing. She argues that the government per se destroyed the evidence in bad faith by not complying with 42 C.F.R § 2.19. Even if that requirement applies here, which the Court does not address, Magistrate Judge Poplin correctly determined that noncompliance does not show bad faith unless it stems from ill will. The Sixth Circuit suggested as much in *United States v. Farmer*, 289 F. App'x 81 (6th Cir. 2008), where it

4

held that there was no due process violation when police officers erased their radio communications under routine department policy, despite a preservation order. *Id.* at 86. The Court rejected defendant's argument that "the government's failure to follow the evidence-preservation order alone demonstrates bad faith," noting that "such a breach can stem from a good-faith mistake as well as something more sinister." *Id.* So too here, and Hofstetter does not argue that there was any ill will apart from this purported regulatory violation. Her second objection will therefore be overruled.

For the reasons stated above, Hofstetter's objections are not well taken and are hereby **OVERRULED** [Doc. 485]. The Court **ACCEPTS** the R&R in its entirety [Doc. 474] and incorporates it into this memorandum opinion and order. Accordingly, defendant Hofstetter's motion to suppress and for an adverse-inference jury instruction are **DENIED** [Docs. 405, 410].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE