IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA HOFSTETTER, | ) | No. 3:15-CR-27-TAV-DCP |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, and | ) | |
| HOLLI WOMACK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Cynthia Clemons's Motion to Continue Trial Date [Doc. 592], filed on September 9, 2019, and referred [Doc. 605] to the undersigned on September 12, 2019. *See* 28 U.S.C. § 636(b). Defendant Clemons also filed a sealed memorandum [Doc. 606, SEALED] in support of her motion to continue the October 1, 2019 trial date. On September 11, 2019, the undersigned conducted an *ex parte* telephone conference with counsel for Defendant Clemons to explore the matters raised in the sealed memorandum and their effect on counsel's ability to prepare for trial. On September 12, 2019, the Government filed a response [Doc. 607] opposing a trial continuance. The parties appeared for a hearing on the motion to continue on September 20, 2019. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorneys Charles C. Burks, Jr., and Loretta G. Cravens represented Defendant Sylvia Hofstetter, who was also present. Attorneys Christopher J. Oldham and Mark E. Brown represented Defendant Courtney Newman. Attorneys Randall E. Reagan and M. Jeffrey Whitt represented Defendant Cynthia Clemons, who was also present. Attorney Christopher Rodgers represented Defendant Holli Womack.

At the beginning of the hearing, the Court noted generally that Attorney M. Jeffrey Whitt was appointed [Doc. 620] to represent Defendant Clemons on September 18, 2019, in order to assist Mr. Reagan, in light of Co-counsel Cullen Wojcik's health issues. Mr. Reagan stated that, while he appreciated the appointment of Mr. Whitt, he was still requesting a trial continuance, because it is not possible for Mr. Whitt or any attorney to familiarize himself with the case and be prepared for trial in the short time before trial begins. Mr. Reagan stated that Mr. Wojcik's role was to be responsible for the expert witnesses, while he (Mr. Reagan) has been preparing for all other witnesses. He noted that Mr. Wojcik's health was such that he was not able to assist with pretrial preparations and would not likely be available for some time after trial begins. Mr. Reagan said that this is a complex and extremely difficult case and that Mr. Whitt needed time to prepare in order for Defendant Clemons to have the effective assistance of counsel.

Mr. Whitt said following his appointment, he has met with Mr. Reagan multiple times, met with AUSA Stone, met with Mr. Burks, and talked with Mr. Wojcik, in order to assess his role and what he must do to prepare. He said that Mr. Wojcik would not be able to help him, other than to give him access to certain materials and possibly to confer with him by telephone but that Mr. Wojcik's availability in the near future was minimal, due to his health. Mr. Whitt said that he needed to read and review a huge amount of materials: 48 CD's of one and one-half hours long each, over 100 patient files,[1] six gigabytes of Jencks materials, and nearly 700 filings in this case. He said that he also needed to meet with the defense experts. Mr. Whitt said that although he has largely cleared his schedule for this case, the review of these materials and pretrial preparations will take five weeks. Mr. Whitt related that the earliest that he could be prepared for trial, assuming the experts were available to meet with him, is November 1, 2019. Mr. Whitt

---

[1] Mr. Reagan noted that it takes him one and one-half to two hours to review a patient file in detail.

asserted that a trial continuance of that length is necessary to allow him to do his best for Defendant Clemons.

Mr. Reagan stated that although the Defendants' disclosure of patient files that they intend to use in their cases-in-chief was due today, they would need an extension of that deadline, because Mr. Wojcik had not been able to work on that. Mr. Burks also requested an extension of the defense patient-file disclosure deadline in order to give Mr. Whitt time to review the materials in this case.

AUSA Stone related that the Government had disclosed 225 patient files that it would potentially use in relation to its experts in its case-in-chief. AUSA Stone informed the Court that he had met with Mr. Whitt and had disclosed that the Government would only call two of its four medical experts, Dr. Blake and Dr. Carter.

Mr. Burks stated that he adopts the motion to continue on behalf of Defendant Hofstetter. He noted that the defense of this case was a joint effort among defense counsel, and that Mr. Wojcik was planning to handle the examination of the medical experts for the Defendants. He confirmed that he had also met with Mr. Whitt. He stated that Mr. Whitt's review could not be limited to matters relating to experts. Mr. Burks opined that the defense of this case could not be neatly partitioned into experts and non-experts, because everything in the case is intertwined. He said that Defendant Hofstetter waived her right to proceed to trial on October 1, 2019. He maintained that Mr. Whitt's suggestion that he could be ready by November 1 was a very aggressive estimate.

Mr. Oldham agreed that a trial continuance is necessary given the circumstances. He said Defendant Newman does not oppose the requested timeframe. Mr. Rodgers stated that

Defendant Womack takes no position on the motion. He noted that his client does not want the trial to be continued again.

AUSA Stone stated that the Government wants the Defendants to have the best defense possible. He said that in light of the unforeseen and unfortunate circumstances requiring the appointment of Mr. Whitt, the Government asks only that the Court set the earliest trial date possible. After a brief recess, AUSA Stone said that the Government would not be calling its experts before the last third of its case and probably not before the last quarter of its case. He also stated that he was optimistic that the parties would be able to stipulate to the authenticity and chain of custody of the patient files.[2] AUSA Stone stated that the parties were pursuing other stipulations as well in order to make the trial as short as possible.

Mr. Reagan said that even though the Government had narrowed its medical experts from four to two, the Government would still call one or more toxicologists and three forensic pathologists. He observed that Mr. Whitt still has numerous expert witnesses for which to be prepared. Mr. Reagan argued that any concerns about breaking up the proof by taking time off during the holidays could be alleviated by continuing the trial to January 2020. He stated that this would also give Mr. Whitt additional time to prepare.

AUSA Stone expressed concern about continuing the trial to January 2020, noting that his co-counsel had trials in other districts, after the first of the year. He said that if the trial was moved to a time that his co-counsel was not longer able to participate, the Government would

---

[2] At the hearing, defense counsel reviewed and agreed to the most recent revision of the stipulation regarding the authenticity and chain of custody of the patient files. Ms. Cravens said, subject to counsel discussing the stipulation with their clients, they approved the revised stipulation. She stated that she would inform Chambers when the parties have agreed to the stipulation.

be in a similar position to Mr. Reagan and in need of more time to bring new co-counsel up to speed.

The Court finds Defendant Clemons's motion to continue the trial, which was joined by Defendant Hofstetter, to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendant Newman does not oppose the motion and that Defendant Womack takes no position on the motion. Although the Government filed a response in opposition to a trial continuance, it acknowledged that the present circumstances relating to Mr. Wojcik's health necessitate additional time for new counsel to prepare. The Court finds a short continuance of three weeks is appropriate in this case.

The Court begins by observing that it declared [Doc. 44] this case to be complex for speedy trial purposes on May 14, 2015. At that time, the Court found it to be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, due to the nature of the prosecution and the number of defendants involved in this and related cases. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case has only increased in complexity with the passage of time. The Government has brought four Superseding Indictments [Docs. 70, 224, 278, and 320] and has alleged a RICO conspiracy occurring in Tennessee and Florida, in addition to two drug conspiracies, substantive drug trafficking charges, and money laundering charges. Many of these charges contain allegations of penalty enhancement due to the alleged overdose deaths of patients of the pain clinics at issue in this case. Thus, the Court continues to find the case to be complex for speedy trial purposes.

Additionally, the Court finds that a short continuance is necessary to permit newly appointed counsel for Defendant Clemons to prepare for trial. Defendant Clemons has been

represented by Mr. Reagan [Doc. 77] since her initial appearance on October 11, 2016. On January 7, 2019, the undersigned appointed [Docs. 399, 401] Attorney Wojcik as co-counsel for Defendant Clemons, after finding this case to be extremely difficult and the appointment of co-counsel to be both necessary and in the interest of justice. Mr. Wojcik's health now prevents him from participating in trial preparations or the trial both currently and for the near future. In an attempt to respond to this situation expeditiously, the Court appointed Mr. Whitt as a third attorney for Ms. Clemons. Mr. Whitt states that he needs at least five weeks to familiarize himself with the case and to prepare for trial. Mr. Reagan and the defense team have represented that Mr. Whitt's role, like Mr. Wojcik's intended role, will primarily be to cross-examine the Government's medical and scientific experts and to present the defense experts. The Court finds that a continuance to October 21, 2019, will give Mr. Whitt five weeks to prepare before any testimony is anticipated to begin in this case.[3] Moreover, Mr. Whitt may have an additional four to six weeks, after the start of trial, before the Government presents its experts. Thus, the Court finds that a three-week continuance of the October 1 trial date is necessary to give Mr. Whitt the reasonable time necessary to prepare for trial, even accounting for counsels' due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 592**] is **GRANTED**, and the trial is reset to **October 21, 2019**. The Court also finds that all the time between the filing of the motion to continue on September 9, 2019, and the new trial date of October 21, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D),

---

[3] District Judge Thomas A. Varlan stated during the September 10 pretrial conference that he would not hold trial on October 24 and 25, 2019. Given the anticipated length of time needed to select a jury in this case, the Court finds it very likely that testimony will not begin until Monday, October 28, 2019. The Court notes that the defense did not state that Mr. Whitt would be needed at jury selection.

-(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the Defendants' deadline for disclosing a list of patient files that the Defendants, either jointly or separately, intend to introduce in their cases-in-chief is extended to **October 11, 2019**. All other dates and deadlines in this case, including the pretrial conference scheduled for **September 25, 2019, at 1:30 p.m.**, shall remain the same at this time.[4]

  Accordingly, it is **ORDERED**:

(1) Defendant Clemons's Motion to Continue Trial [**Doc. 592**], which is joined by Defendant Hofstetter, is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 21, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Clemon's motion on **September 9, 2019,** and the new trial date of **October 21, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(4) The Defendants' deadline for disclosing a list of the patient files that they intend to introduce in their cases-in-chief is extended to **October 11, 2019**.

**IT IS SO ORDERED.**

          ENTER:

          *Debra C. Poplin*
          Debra C. Poplin
          United States Magistrate Judge

---

[4]The Court notes that Judge Varlan extended the deadline for submitting requests for special jury instructions to **September 23, 2019**.