IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA HOFSTETTER, | ) | No. 3:15-CR-27-TAV-DCP |
| COURTNEY NEWMAN, | ) | |
| CYNTHIA CLEMONS, and | ) | |
| HOLLI WOMACK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Courtney Neman's Motion in Limine to Compel the Government to Produce Original Patient Files at Trial [Doc. 475]. *See* 28 U.S.C. § 636(b). Defendant Newman argues [Doc. 475] that the original paper files seized from the Tennessee pain management clinics at issue in this case are critical to her defense, are the best evidence of the patient files, and contain information not available in the black and white electronic copies that the Government provided in discovery. The Government responds [Doc. 569] that production of hundreds of paper files is neither necessary, nor feasible.

The parties appeared for a hearing on this motion on September 10, 2019. At that time, counsel for Defendant Newman argued that the electronic black and white copies of the files are not duplicates, because they do not depict the different colors of ink used by the staff and providers, the organization of the files, and the tabs on some of the files. The Government objected to transporting the more than 6,000 patient files to and from the FBI evidence vault for each day of trial. At a pretrial conference that same afternoon, United States District Judge Thomas A.

Varlan encouraged the parties to enter into a stipulation, so that the Government could store the physical patient files at the courthouse, which would facilitate their use in evidence at trial.

Although Codefendants Hofstetter, Clemons, and Womack have not expressly joined in Defendant Newman's motion,[1] they along with Defendant Newman and the Government have stipulated to the chain of custody and the authenticity of the seized original patient files. Thus, the Court will consider this motion as to all four Defendants proceeding to trial. On October 2, the Government filed a supplemental brief [Doc. 649], asking the Court to rule that the electronic copies are proper duplicates under Federal Rule of Evidence 1003 and to exercise its discretion over the presentation of the evidence at trial to require the parties to use primarily digital versions of the patient files on the Court's JERS program.

For the reasons discussed below, the Court finds as follows: (1) the electronic copies of the paper patient files are duplicates under Rule 1003 and (2) the Defendants may use some original (i.e., paper) patient files, under the procedure set out below.

I. **BACKGROUND**

The Court takes the following background regarding the patient files from the Government's supplemental brief [Doc. 649, p.2]:

> On March 10, 2015, the FBI executed several search warrants and seized hundreds of boxes of records, including patient files, from clinics owned and operated by the defendants. The FBI logged all of the files into evidence. In order to provide easy access to these files for both the United States and the defendants, the FBI subsequently transported those files to the FBI Document Conversion Laboratory located in West Virginia. The files were scanned by FBI personnel and labeled according to "1B" numbers. The patient files were labeled by "1B" number and name of the patient. FBI personnel scanned each page of each document or

---

[1] Defendants Hofstetter, Newman, and Clemons filed a joint motion [Doc. 151] to compel the production of the original patient files on May 5, 2017. United States Magistrate Judge C. Clifford Shirley ruled [Doc. 309] that this motion was premature.

patient file, but did not scan small "sticky tabs" or the interior manila folder partitions.

The Court also observes that the FBI scanned the patient files in black and white, but the paper files contain writing in black, blue, and red ink, which the Defendants contend corresponds to the individual who wrote in the file.

On August 29, 2019, the undersigned ordered [Doc. 567] the parties to designate which patient files they would use in their cases-in-chief at trial. The Court ordered the Government to designate patient files by September 13, 2019, and the Defendants to designate, either individually or jointly, patient files by September 20, 2019. Only the Government and Defendant Newman designated files by these deadlines. The Court extended [Doc. 629] the designation deadline for the remaining Defendants to October 11, 2019, when it continued the trial to October 21, 2019. According to the Government's supplemental brief [Doc. 649, p.3], it designated 237 patient files that it may offer in its case-in-chief. Defendant Newman designated 88 specific files and listed seven other categories of files [Doc. 649, p.3]. According to the Government, Defendant Newman's categories of files "amount to well over 3,000 of the 6,000-plus patient files seized in this case" and will require the Government to transport all of the boxes containing patient files from the FBI evidence vault [Doc. 649, p.4].

## II. USE OF ELECTRONIC PATIENT FILES

Federal Rule of Evidence 1002 provides that "[a]n original writing, recording of photograph is required in order to prove its contents unless these rules or a federal statute provide otherwise." Rule 1003 states that a "duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. As stated above, the parties have stipulated to the authenticity of the original paper files. The Defendants argue that use of the black and white

3

electronic copies of the patient files, rather than the original paper files, is unfair, because the electronic copies do not show that the clinic staff, the midlevel providers, and the supervising physician wrote in the files in different colors of ink. The Defendants also argue that the electronic files do not show the organization of the file and, in particular, the thickness of the file, which reveals that the clinic patients received care at the clinic over a long time. Finally, the Defendants argue that many of the paper files contain tabs flagging certain pages, which tabs are not reproduced in the electronic copies. The Defendants argue that because the original paper files convey more information than the black and white electronic copies, the electronic copies are not fairly considered duplicates under Rule 1003. They ask the Court to require the Government to produce the original paper files for use at trial.

The Government argues [Docs. 569 & 649] that the electronic copies are duplicates under Rule 1003. It contends that the electronic copies are authentic and that it is not unfair to admit the electronic copies, rather than the original paper files. In this regard, it maintains that the Defendants may cross-examine witnesses about the organization of the files and the importance of the features, such as tabs and ink color, in the original files.

In the instant case, the Court finds there does not appear to be any serious dispute over the authenticity of the electronic files. Instead, the issue turns upon whether it is unfair to admit an electronic copy that does not show the color of ink or tabs on the original. The Court finds that admission of a scanned copy that does not reveal the color of ink used on the original paper is not unfair under Rule 1003, if the defendant is able to question the witness about the issue at trial. *See United States v. Enzinger*, No. 2:11–CR–62–DBH, 2011 WL 4459103, *1 (D. Me Sept. 23, 2011).

In *Enzinger*, the defendant, convicted of making a false statement on a loan application, moved for a new trial, objecting to the use of a copy of the loan form, rather than the original, which could have shown who (the defendant or the underwriter) checked certain boxes on the form based upon the ink color. *Id.* The court denied the defendant's request for a new trial, holding that "[t]o the extent that there was any issue whether someone other than the defendant completed certain portions of the form, the defendant was able to explore that question thoroughly at trial, and there was neither unfairness in admission of the scanned document, nor a genuine question of authenticity." *Id.* The Court finds that the same is true in the instant case. The Defendants may cross-examine the witnesses about the colors of ink, the organization of the file, and the tabs. Moreover, unlike in *Enzinger*, where the original loan form was not available, here the Defendants may question the witnesses using the original paper files and may show the original paper files[2] to the jury.

Accordingly, the Court finds that the electronic patient files are admissible as duplicates pursuant to Federal Rule of Evidence 1003. The parties are not required to use the original paper files but may, instead, use and submit to the jury the electronic patient files the Government produced to the Defendants in discovery. However, the Court also finds that the Government must produce and the Defendants may use the original paper patient files, both in cross-examination and in their case-in-chief. The number and method for the production of the original patient files is discussed below.

### III.  USE OF ORIGINAL PATIENT FILES

Although the Government originally objected to producing the original patient files for the Defendant's use at trial, based upon the logistical difficulty of transporting the files from

---

[2] The procedure for designating the original patient files is discussed in the next section.

and back to the FBI evidence vault daily, the parties for the most part have resolved this aspect of the motion. As discussed above, the parties have entered into a stipulation regarding the authenticity and the chain of custody of the original patient files. The Government states [Doc. 649] that it will store the files in a room at the United States Attorneys Office during the trial.[3] It also states that it will protect the chain of custody by changing the lock on the door to that room. The Government maintains that only the FBI agents will have keys, which will be of a type that cannot be copied, to that room. However, the Government questions the effect of using numerous paper files on the speed and efficiency of the trial.

The Government argues [Doc. 649] that requiring the parties (or even permitting the Defendants) to use only the paper files will result in "an impossible situation" for the use of the Jury Evidence Recording System ("JERS"). Local Rule 43.3 provides that "[e]vidence should be presented in electronic format through the use of the presentation technology available in the courtroom to display evidence to the jury and the Court." The Government contends that the photographing of each page of the paper files for use on the JERS could take months. It asks the Court exercise its discretion in the presentation of evidence under Federal Rule of Evidence 611 to craft a procedure that both satisfies Rule 1003 and accommodates the Defendants' desire to show the original paper files to the witnesses and the jury. In this regard, it proposes permitting the use of the electronic files at trial, with the exception of a single exemplar paper file, which the Defendants could use to demonstrate organization, color ink, and typical tabbing.[4]

---

[3] The Court directs the Government to store all the seized patient files at the USAO to facilitate the production of specific files pursuant to the designation procedure set out herein.

[4] The Defendants did not respond to the Government's supplemental brief. Accordingly, the Court assumes, consistent with Defendant Newman's motion and reply and the arguments by defense counsel at the September 10 motion hearing, that the Defendants seek to use only the paper files.

Federal Rule of Evidence 611 provides that the "court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." The Court finds that introducing photographs of hundreds of original patient files, when scanned copies of those files already exist, would waste time and resources. Accordingly, the Court finds that whenever an original patient file is used by either party in evidence, the parties may produce to the jury through the JERS system, the electronic duplicate. If a party seeks to emphasize a particular color of ink or tab that is not depicted on the electronic file, *the party*[5] may introduce a photograph of that one page of the original paper file.[6] The Court will ask the jury, before they retire to deliberate, if they desire to view any physical evidence, including particular original patient files.

In order to facilitate the uninterrupted testimony of witnesses, the Government must have available in the courtroom the original patient file for each patient witness that testifies and the file must be available in the courtroom on the day or days of that witness's testimony. The Government must produce all original patient files reviewed by a Government expert on the day or days of that expert's testimony. The Government must also produce the following original patient files, as designated by defense counsel: Defense counsel must designate any original

---

[5] Defense counsel must designate to counsel for the Government the pages they want photographed for entry in their case-in-chief at least three business days before the day the exhibit will be introduced. Defense counsel may designate to counsel for the Government the pages they want photographed from cross-examination at the end of the testimony of each Government witness. The Court anticipates that no more than one or two pages per patient file used will be photographed and in no instance will an entire file be photographed.

[6] As the FBI is the custodian of the files, it is to provide to Government counsel a color electronic copy of any designated photograph that conforms to the JERS naming convention and that meets the file format requirements to be imported into JERS.

7

patient files, which they intend to use in direct or cross-examination of a witness, by 5:00 p.m. on the business day preceding the witness's testimony.[7] Defense counsel must designate a *specific* file, by patient name and "1B" number, not a category of files. With the exception of expert witnesses, the Defendants may *collectively* designate no more than five original patient files per witness per day. For expert witnesses, defense counsel may *collectively* designate up to ten original patient files[8] per expert witness per day. Counsel must meet and confer with a purpose of working out any issues or problems with the designation and or production of files before involving the Court.

## IV. CONCLUSION

The Defendants' Motion in Limine to Compel the Government to Produce Original Patient Files at Trial [**Doc. 475**] is **GRANTED in part**, as follows:

(1) The Government must produce the original patient file, i.e., the paper file, in the courtroom on the day or days of a witness's testimony in the following circumstances: the patient file of a patient witness testifying for the Government, all patient files reviewed by the Government's experts, and all patient files designated by defense counsel by 5:00 p.m. on the preceding business day;

(2) The Defendants must designate the original patient files that they seek to use in direct or cross-examination, by patient name and "1B" number by 5:00 p.m. on the preceding business day. With the exception of expert witnesses, the Defendants may *collectively* designate no more than five original patient files per witness per day. For expert witnesses, defense counsel may *collectively* designate up to ten original patient files per expert witness per day;

---

[7] For example, defense counsel must designate by 5:00 p.m. on Friday any files that they seek to use in cross-examination on Monday.

[8] The ten original patient files for expert witnesses need not include the original patient files the Government must produce, i.e., the patient files the expert reviewed prior to trial.

(3) Counsel for the parties must meet and confer with a purpose of working out any problems regarding the designation or production of original patient files before involving the Court;

(4) The electronic scanned copies of the patient files, produced by the Government in discovery, are duplicates under Federal Rule of Evidence 1003. The electronic files may be introduced by either party and will be submitted to the jury via JERS when an original patient file is introduced into evidence; and

(5) A party may introduce a photograph of a specific page or tab in an original patient file, when the color of ink or a tab is not depicted on the electronic file. No more than one or two pages per patient file used will be photographed and in no instance will an entire file be photographed. Defense counsel must designate to counsel for the Government the pages they want photographed for entry in their case-in-chief at least three business days before the day the exhibit will be introduced. Defense counsel may designate to counsel for the Government pages they want photographed from cross-examination at the end of the testimony of each Government witness. The FBI shall provide Government counsel a color electronic copy of any designated photograph and the color electronic copy must conform to the JERS naming convention and meet the file format requirements to be imported into JERS.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge