# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CR-27-TAV-DCP |
| | ) | |
| SYLVIA HOFSTETTER, | ) | |
| CYNTHIA CLEMONS, | ) | |
| COURTNEY NEWMAN, and | ) | |
| HOLLI WOMACK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court has before it a motion for reconsideration and reversal of the magistrate judge's order finding that electronic copies of certain patient files are admissible [Doc. 706].[1] The magistrate judge, the Honorable Debra C. Poplin, ruled that the files qualify as duplicates under Federal Rule of Evidence 1003 and are thus admissible [Doc. 686 p. 5]. Defendants contest this conclusion,[2] and the government has responded in opposition [Doc. 713]. Finding the magistrate judge's opinion neither clearly erroneous nor contrary to law, 28 U.S.C. § 636(b)(1)(A), the Court will **DENY** the motion.

---

[1.] While the motion states that counsel for defendants Sylvia Hofstetter, Cynthia Clemons, and Courtney Newman present the motion on their behalf, only attorneys for defendant Newman signed the motion, so the Court would ordinarily treat it as a motion by defendant Newman. The Court notes, however, that the magistrate judge's opinion ruled on a motion by defendant Newman that defendants Hofstetter, Clemons, and Womack did not expressly join, but the magistrate judge considered the motion as to all four of these defendants [Doc. 686 p. 2]. Accordingly, the Court will likewise consider the instant motion to reconsider the magistrate judge's order as to all four defendants.

[2.] The magistrate judge's opinion also granted in part [Doc. 686 p. 8] defendants' Motion in Limine to Compel the Government to Produce Original Patient Files at Trial [Doc. 475], but defendants do not challenge this part of the opinion [Doc. 706].

## I.    Background

The magistrate judge discusses the relevant factual and procedural history to this motion in her order [Doc. 686 p. 1–3].  Given that there are no objections pertaining to that portion of the order, it is hereby incorporated by reference [*Id.*].

## II.    Standard of Review

The magistrate judge's memorandum and order in this case was issued pursuant to 28 U.S.C. § 636(b)(1)(A).  For such nondispositive matters, a district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *Id.*  The clearly erroneous standard applies to a magistrate judge's findings of fact, and the contrary to law standard applies to the magistrate's conclusions of law.  *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir.) (unpublished table decision).  Both standards of review are deferential.  "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made."  *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds, Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997).  A decision is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *United States v. Andrew Assad*, No. 2:18-cr-140, 2019 WL 5396783, at *3 (E.D. Tenn. Oct. 22, 2019) (internal quotation and citations omitted).

## III. Analysis

Defendants argue the Court should reverse the magistrate judge's ruling that electronic copies are admissible because she incorrectly found that the copies qualify as duplicates under Federal Rule of Evidence 1003 [Doc. 706 p. 2]. Rule 1003 permits the admissibility of a duplicate "to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Defendants argue that the copies do not qualify as duplicates for two related reasons: (1) the copies are inauthentic, and (2) even if they are authentic, it would be unfair to admit them [Doc. 706 p. 3].[3] Highlighting certain features of the actual files the black and white copies did not capture, including colored tabs, the color of pen markings made on the files by different providers, and the front and back covers of a significant number of files, defendants argue the copies fail to "convey a complete picture of the care that was provided" and are therefore "neither 'authentic' [n]or 'duplicates'" [*Id.* at 4]. Defendants assert that Rule 1003 does not permit the introduction of black and white copies and thus Federal Rule of Evidence 1002 requires the government to produce the original files [*Id.* at 4–5].

Defendants also argue that the magistrate judge improperly relied on *United States v. Enzinger*, No. 2:11-CR-62-DBH, 2011 WL 4459103, at *1 (D. Me. Sept. 23, 2011). *Enzinger* is distinguishable, defendants contend, because the *Enzinger* court held it was not unfair to admit a copy where the original was not available, it was unclear "whether it

---

[3.] Defendants' reasoning is unclear, appearing to conflate the authenticity and unfairness arguments. The Court distinguishes the two lines of reasoning for clarity's sake.

ever existed," the document was a single page, and defendants had the opportunity to cross-examine witnesses about the copy [Doc. 706 p. 3]. Here, in contrast, the original files reside within the government's possession in the courthouse, and the files number in the thousands [*Id.* at 3–4].

The government states that defendants have failed to raise any issues that have not already been extensively litigated [Doc. 713]. It also argues that the sole case cited by defendants¸ *Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd.*, has "absolutely no application here whatsoever" because the court was not presented with a Rule 1003 issue, did not mention that rule, deemed the copies inadmissible as business records because no witness could testify to their authenticity, and excluded the documents based on 28 U.S.C. § 1732 and various New York state statutes [*Id.* (citing *Toho Bussan*, 265 F.2d 418, 424 (2d Cir. 1959)]. In contrast, the government argues, the magistrate judge properly relied on *United States v. Enzinger* [*Id.*]. The government cites another case, *Barnes v. Tenn. Personal Assistance, Inc.*, which it argues lends additional support to the magistrate judge's conclusion, noting that the court held admissible a duplicate calendar over defendant's objection that the duplicate failed to show whether the same color pen had made all the entries [Doc. 713 p. 2 (citing *Barnes*, No. 10-1260, 2012 U.S. Dist. LEXIS 83663, at *4 n.2 (W.D. Tenn. June 18, 2012)].

Finally, the government notes that the magistrate judge's order balanced significant logistical issues with defendants' concerns [*Id.*] Her order stated that a party introducing an original patient file in evidence could produce the file to the jury through

an electronic duplicate but could also introduce a color photograph of any page of the original file to emphasize a particular color of ink or tab not depicted on the electronic file [*Id.*].  Her opinion thus complied with Federal Rule of Evidence 611's instruction that a court exercise control over the mode of presenting evidence to ensure effective procedures for determining the truth, avoid wasting time, and protect witnesses [*Id.* (citing Fed. R. Evid. 611)].

The magistrate judge's ruling that the copies are admissible as duplicates under Rule 1003 was not clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Defendants fail to support their arguments that the copies are inauthentic and that it would be unfair to admit electronic copies in place of the original files.  In contrast, the Federal Rules of Evidence and precedent both support the magistrate judge's conclusion.

### A.    The authenticity of the electronic copies.

Turning first to defendants' argument that the copies are inauthentic and thus not duplicates under Rule 1003, the Court finds that neither the federal rules, nor precedent support the reasons defendants cite for finding the copies inauthentic.  Federal Rule of Evidence 1001(4) defines a "duplicate" as "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original."  *See also* Fed. R. Evid. 1003, Ad. Comm. Notes (1976) ("[A] counterpart serves equally well as the original, if the counterpart is the product of a method which insures accuracy and genuineness.  By definition in Rule 1001(4) . . . a 'duplicate' possesses this character.").  Defendants appear to argue that the

electronic copies are inauthentic because the method of copying the files did not accurately capture the information contained in the files. However, defendants do not explain the significance of the color tabs and the missing front and back covers of certain files to the files' contents, and federal rules of evidence regarding secondary evidence, such as Rule 1003, are concerned with proof of the contents of a document. Fed. R. Evid. 1002 ("An original writing . . . is required to prove its content unless these rules or a federal statute provides otherwise."); *United States v. Moore*, 30 F.3d 135; 1994 WL 276898, at *2 (6th Cir. 1994) (unpublished table decision) (upholding admissibility of copies of notes where "prosecution's proof was based solely on the content of the notes," which testifying witnesses confirmed). The magistrate judge was correct therefore to find that the absence of these tabs and covers does not render the electronic copies inauthentic.

Similarly, the fact that the copies are black and white does not make the copies inadmissible under Rule 1003 as defendants assert without citation.[4] Rather, black and

---

[4.] It is unclear whether defendants intend to cite to *Toho Bussan Kaisha, Ltd. v. Am. Pres. Lines, Ltd.*, 265 F.2d 418, 424 (2d Cir. 1959), for the proposition that black and white copies are inadmissible under Rule 1003 [Doc. 706 p. 4–5]. If they do so intend, their citation is inapt for the reasons the government discusses [Doc. 713 p. 1–2]. Even if the case did apply, the court's reasoning undermines defendants' argument. The court in *Toho* upheld the trial judge's refusal to admit photostats where dangers of "fraud" and "imposition" existed in the use of photostats "prepared specifically for trial," while stating it "fully endorse[d]" the Second Circuit's position in a previous case: "if it appear [that] secondary evidence is clearly equal in probative value to what is called the primary proof, and that fraud or imposition, reasonably, is not to be feared, the reason upon which the best evidence rule rests ceases, with the consequence that in that situation the rule itself must cease to be applicable . . ." 265 F.2d at 424 (citing *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939). Here, although the copies were prepared for trial, defendants have stipulated to the authenticity of the original files and have not argued that the copies inaccurately capture the contents of those files.

white copies of the kind at issue appear to be admitted routinely as duplicates under Rule 1003. *E.g.*, *Moore*, 1994 WL 276898, at *2 (unpublished table decision) (upholding admissibility of copies of notes where prosecution did not show originals were unavailable and defendant argued "there may have been differences in handwriting and the types of paper and ink used that would only be apparent in the originals"); *United States v. Bakhtiar*, 994 F.2d 970, 979 (2d Cir. 1993) (upholding admissibility of duplicates that included clear color and black and white photographs and photocopies of checks). And, at least two district courts have held admissible a copy of a document over the objection that the document failed to show original notations in different colors of ink. *United States v. Enzinger*, No. 2:11-CR-62-DBH, 2011 WL 4459103, at *1 (D. Me. Sept. 23, 2011); *Barnes v. Tenn. Personal Assistance, Inc.*, No. 10-1260, 2012 U.S. Dist. LEXIS 83663, at *4 n.2 (W.D. Tenn. June 18, 2012).

The Court notes, as did the magistrate judge, that defendants have stipulated to the authenticity of the original files and have not challenged the accuracy of the copies, except with respect to the failure to capture certain physical features of the files [Doc. 686 p. 2–3]. As a result, the magistrate judge reasonably concluded that a "serious dispute" did not exist regarding the authenticity of the electronic files [*Id.* at 4]. Under these circumstances, the argument that the copies are inauthentic does not present a serious challenge to the copies' admissibility under Rule 1003. Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about *the original's* authenticity") (emphasis added); *United States v. Ross*, 703

F.3d 856, 885 (6th Cir. 2012) ("Burston does not cite, nor have we been able to find, a single case in which this Court excluded a copy of a document under Rule 1003. We do not believe this should be the first."); *see also Buziashvili v. Inman*, 106 F.3d 709, 717 (6th Cir. 1997) ("Photocopies are allowed into evidence as if they were originals.") (citing Fed. R. Evid. 1003); *cf. United States v. Johns*, 759 F. App'x 367, 372 (6th Cir. 2018) (noting that duplicates must be authentic to be admissible under Rule 1003, where government contended documents presented had been altered).

For the reasons discussed above, the magistrate judge's holding that defendants had not raised a genuine challenge to the authenticity of the electronic files was neither clearly erroneous nor contrary to law.

**B.      The unfairness of admitting the electronic copies.**

The Court finds defendants' second argument for reversing the magistrate judge's ruling similarly unpersuasive; it was not clearly erroneous or contrary to law to find that it would not be unfair to admit the copies at issue as duplicates.  In ruling on the fairness issue, the magistrate judge's opinion discussed her reading of *United States v. Enzinger*, 2011 WL 4459103, at *1 [Doc. 686 p. 4], a reading defendants contest [Doc. 706 p. 3]. The magistrate judge found, "[A]dmission of a scanned copy that does not reveal the color of ink used on the original paper is not unfair under Rule 1003, if the defendant is able to question the witness about the issue at trial" [Doc. 686 p. 4].  Her reasoning followed that of the court in *Enzinger* [*Id.* at 5], where the defendant objected to the use of a copy of a loan form because the original could have shown whether the defendant or

the underwriter checked certain boxes on the form based on ink color, *Enzinger*, 2011 WL 4459103, at *1. In support of her ruling [Doc. 686 p. 5], the magistrate judge quoted the court's conclusion in *Enzinger*:

> To the extent that there was any issue whether someone other than the defendant completed certain portions of the form, the defendant was able to explore that question thoroughly at trial, and there was neither unfairness in admission of the scanned document, nor a genuine question of authenticity.

2011 WL 4459103, at *1.

Contra defendants' assertion otherwise, the magistrate judge did not improperly apply *Enzinger*. Rather, defendants misread *Enzinger*'s holding as resting on anything more than defendant's opportunity at trial to question witnesses regarding the copy of the form, which the court held satisfied the fairness requirement of Rule 1003. Although the court discussed the facts defendants mention—that the original was unavailable and may never have existed—it makes clear that its original holding in the case and subsequent consideration of its ruling did not rest on these facts. 2011 WL 4459103, at *1. And, the court did not even address the detail, which defendants emphasize, that the loan form was a single page. *Id.* The magistrate judge's reading of *Enzinger* was not contrary to law, and as discussed above regarding defendants' first argument, precedent supports the fairness of admitting a black and white copy, especially, as here, where defendants will have occasion to cross-examine witnesses using the original patient files and will be able to introduce color photographs of particular file pages, in addition to the electronic copy.

**IV.**          **Conclusion**

The magistrate judge's ruling that electronic copies are admissible under Rule 1003 was neither clearly erroneous nor contrary to law.   28 U.S.C. § 636(b)(1)(A). Accordingly, defendants' motion to reconsider [Docs. 99; 102] is **DENIED.**

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE