UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-27-TAV-DCP |
| SYLVIA HOFSTETTER, CYNTHIA CLEMONS, COURTNEY NEWMAN, and HOLLI WOMACK, | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on what the Court is interpreting as a motion [Doc. 684] by defendant Sylvia Hofstetter to reconsider the Court's ruling on her motion *in limine* regarding prior bad acts [Doc. 585]. Defendant's motion *in limine* sought to exclude evidence of alleged thefts by defendant under Rules 402, 403, and 404(b) of the Federal Rules of Evidence [*Id.*]. The government responded in opposition [Doc. 624]. The Court orally denied defendant's motion at a pretrial conference [Doc. 641]. At that pretrial conference, the Court requested supplemental briefing on two other motions *in limine* [Docs. 587, 588]. Defendant subsequently filed what is styled as: Defendant's Post Hearing Brief in Response to the Government's Response to the Motion *in Limine* Regarding Hofstetter's Prior Bad Acts [Doc. 624], again urging the Court to find this evidence inadmissible under Rules 403 and 404(b). At a subsequent hearing, the Court stated that it interpreted defendant's filing to be a motion to reconsider and requested that

the government file a response. The government responded [Doc. 700]. This issue is now ripe.

I.  **Background**

This case arises out of the operation of pain management clinics by the Urgent Care & Surgery Center Enterprise ("UCSC") in Hollywood, Florida and East Tennessee [Doc. 320, ¶¶ 8–11]. UCSC was allegedly organized and lead by Luca Sartini, Luigi Palma, and Benjamin Rodriquez [*Id.* ¶ 30]. The indictment alleges that Sartini, Palma, and Rodriguez employed defendant Sylvia Hofstetter at the Hollywood clinic in or about 2009 or early 2010. Defendant allegedly administered and managed the Hollywood clinic until in or about December 2010 [*Id.* ¶ 20, 54.22–24]. Defendant later moved to East Tennessee to administer and manage other UCSC clinics, specifically a clinic on Gallaher View Road in Knoxville and a clinic in Lenoir City (collectively, the Comprehensive Healthcare Systems ("CHCS") clinics) [*Id.* ¶ 20, 54.22–24]. Defendant administered and managed the CHCS clinics from about May 2011 to about March 2015 [*Id.* ¶ 20].

The indictment charges defendant Hofstetter with, among other offenses, a RICO conspiracy (Count One) [Doc. 320 ¶¶ 28–58], conspiracies to illegally distribute and dispense controlled substances (Counts Two and Four) [*Id.* ¶¶ 59–69, 72–80], and money laundering conspiracies (Counts Three and Five) [*Id.* ¶¶ 70–71, 81–82]. Count One alleges racketeering activities, including violations of federal drug trafficking and money laundering laws. The operation of the Hollywood clinic and the CHCS clinics is the subject of alleged overt acts in furtherance of the RICO conspiracy. Counts Two and Three relate

2

to the operation of the CHCS clinics. Specifically, Count Three alleges defendant conspired to launder the proceeds of the conspiracy to distribute controlled substances at CHCS clinics alleged in Count Two.

Defendant anticipates that the government may seek to introduce evidence through cooperating witnesses that defendant was fired from the Hollywood clinic by Sartini, Palma, and/or Rodriguez for allegedly stealing clinic funds and that defendant was allegedly stealing funds from CHCS clinics after moving to Tennessee [Doc. 585 p. 1]. The government confirmed that its anticipated evidence will show just that: "Indeed, she was fired as an employee of the Hollywood, Florida, pill mill for skimming cash from patient visits only to be rehired to start and run the pill mills in Tennessee" [Doc. 700 p. 1], and "defendant skimmed cash from the Tennessee pill mills" [*Id.* at 1–2].

**II.   Analysis**

As the Court has noted, defendant again challenges the admissibility of evidence of her alleged thefts under Rules 404(b) and 403 of the Federal Rules of Evidence. The Court addresses the admissibility of this evidence under each rule in turn.

    **a.   Rule 404(b)**

Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act to prove a person's character to show that on a particular occasion, the person acted in conformity therewith. Fed. R. Evid. 404(b)(1). "But not all prior-acts evidence implicates Rule 404(b): 'intrinsic acts' that are 'part of a single criminal episode' or a 'continuing pattern of illegal activity' are admissible notwithstanding Rule 404(b)." *United States v.*

*Chalmers*, 554 F. App'x 440, 449 (6th Cir. 2014) (citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)). Thus, in addressing defendant's challenge to the admissibility of this evidence under Rule 404(b), there is a threshold inquiry: Is the evidence intrinsic? The Court undertakes this inquiry first before turning to the Rule 404(b) analysis.

### 1. Intrinsic Evidence

The government argues that evidence of alleged thefts by defendant is intrinsic. It asserts that evidence of alleged thefts is "inextricably intertwined" with the charged conduct, specifically money laundering and conspiracy charges, and is admissible as "evidence of a single criminal episode" [Doc. 624 p. 3]. Defendant, alluding to this issue in what appears to be an argument that the evidence is extrinsic, asserts that the thefts are not alleged in the indictment or an element of any charged offense [Doc. 684].

As the Sixth Circuit has noted, "[d]efinitions of so-called 'intrinsic' . . . evidence abound." *Chalmers*, 554 F. App'x at 450 (comparing various definitions of "intrinsic evidence" used by the circuit court from the narrow, including evidence that is "part of a single criminal episode," to the broad, including evidence that is "a prelude to the offense charged" (quoting *Barnes*, 49 F.3d at 1149; *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000))). At a minimum, the Sixth Circuit has noted, "intrinsic evidence requires a connection to the charged offense," *United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013) (citing *Barnes*, 49 F.3d at 1149; *United States v. Gonzalez*, 501 F.3d 630, 640 (6th Cir. 2007)), but "[t]ypically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms

4

an integral part of a witness's testimony, or completes the story of the charged offense." *Hardy*, 228 F.3d at 748. "Conversely, evidence is considered extrinsic—and Rule 404(b) accordingly applies—if there is a lack of 'temporal proximity, causal relationship, or spatial connections . . . between the other acts and the charged offense.'" *Chalmers*, 554 F. App'x at 450–51 (quoting *Hardy*, 228 F.3d at 748–50).

The Court first notes that defendant's argument does not reflect the Sixth Circuit's definitions of intrinsic evidence. Evidence need not be an element of a charged offense or alleged in the indictment to be intrinsic. Rather, as explained, the definitions of intrinsic evidence are much broader.

In applying those definitions, the Court finds that the evidence of defendant's alleged thefts is intrinsic to the charged offenses. Specifically, the alleged thefts have a temporal and spatial connection to and arise from the same events as the charged conspiracies. *Id.* Defendant's alleged thefts occurred during the period of time in which the indictment alleges defendant was engaged in the charged conspiracies through her operation of UCSC clinics. *Hardy*, 228 F.3d at 749 (discussing *United States v. Buchanan*, 213 F.3d 302 (6th Cir. 2000), which held that evidence was properly admitted as *res gestae* evidence because the "evidence concerned events that took place within the alleged time frame of the conspiracy, and is typical of the evidence needed to prove the existence of the charged conspiracy"). The alleged thefts also track defendant's alleged involvement in the enterprise's conspiracies from Hollywood, Florida to East Tennessee.

5

Moreover, the alleged thefts arise from the same events as the money laundering conspiracy alleged in Count Three and, given that it is based upon allegations of racketeering that include money laundering offenses, from the same events as the RICO conspiracy alleged in Count One. Defendant was allegedly skimming off the top of UCSC clinic profits, funds which are the subject of these charged conspiracies. The alleged thefts therefore involve defendant stealing money from the clinics that are the vehicles of the charged conspiracies through her supervisory role at those clinics. The connection between the alleged thefts and the charged conspiracies is thus both strong and direct. Accordingly, the Court finds that this evidence is intrinsic to the charged offenses.

2. **Permissible Rule 404(b) Purpose**

Defendant asserts that the government's intention in introducing evidence of defendant's alleged thefts is to "label the defendant as a criminal" in furtherance of the purpose prohibited by Rule 404(b) [Doc. 684 p. 2]. The government argues that its purpose in introducing this evidence would be to show the alleged conspirators' "criminal intent" [Doc. 700 p. 2] and to "present a reasonable inference that the Florida partners rehired her because the financial benefits of doing so outweighed the risk that she might steal from them again" (i.e., as evidence that the UCSC clinics were not legitimate pain clinics) [*Id.* at 1]. The Court finds that—even if this evidence were extrinsic to the charged offenses and thus subject to Rule 404(b)—the evidence is not inadmissible.

As the Court has noted, Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act to prove a person's character to show that on a particular occasion, the

person acted in conformity therewith. Fed. R. Evid. 404(b)(1). Such evidence may, however, be admissible for another purpose, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In determining the admissibility of evidence under Rule 404(b), a district court uses a three-step process:

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*Adams*, 722 F.3d at 810 (citing *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)). The Court addresses each step of the Rule 404(b) analysis in turn.

First, there is sufficient evidence that the other act in question actually occurred. *See United States v. Clay*, 667 F.3d 689, 698–99 (6th Cir. 2012) (citing *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). Although defendant has not been charged with any crimes related to these theft allegations, a jury could reasonably conclude, based on evidence that the parties anticipate that the government will introduce at trial (specifically the testimony of alleged co-conspirators), that defendant did in fact commit these thefts.

Second, evidence of defendant's alleged thefts is probative of a material issue other than character. "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard

7

to the purpose for which it is offered." *Adams*, 722 F.3d at 810 (quoting *Jenkins*, 345 F.3d at 937). Here, the evidence satisfies each of these three elements.

First, evidence that defendant was embezzling money from her alleged co-conspirators is admissible to prove defendant's knowledge that the UCSC clinics were not legitimate pain clinics and defendant's motive and intent in joining the conspiracies alleged in the indictment. These purposes are permissible, non-character-based purposes under Rule 404(b)(2). *See* Fed. R. Evid. 404(b)(2) (stating that motive, intent, and knowledge, among others, are permissible purposes).

Second, these purposes are also "material or in issue," because the defense appears to be that defendant was unaware of the clinics' criminal practices. *See id.* 818 (noting that a defense, not only allegations in the indictment, can put a matter "in issue"). Evidence of alleged thefts that is offered to prove defendant's knowledge and state of mind, therefore, directly undercuts defendant's theory of the case. As such, these purposes are material or in issue.

Third, the evidence is probative of defendant's knowledge that the clinics were not legitimate pain clinics and her state of mind in allegedly entering in to the charged conspiracies. In particular, evidence that defendant was skimming off of the Hollywood clinic's profits tends to show that defendant knew that if she rejoined the enterprise and began operating its clinics in Tennessee, she would again have the opportunity to skim money off the top of UCSC clinic profits. Further, evidence that she was fired for stealing from the UCSC partners and, notwithstanding those alleged thefts, was still sought after to

open and manage their Tennessee clinics tends to show that she knew she could continue to embezzle money from the clinics with little consequence. In other words, defendant knew that the clinics' finances were not well-documented and her alleged co-conspirators would not report thefts to law enforcement. This supports a finding that she knew the enterprise's clinics were not legitimate pain clinics and tends to show her motive and intent in allegedly joining the alleged conspiracies.

The final step in the Rule 404(b) analysis requires that the Court perform a Rule 403 balancing. The Court explained in its oral ruling on the initial motion to exclude evidence of defendant's thefts that the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice. The Court has reconsidered this issue and again finds evidence of defendant's alleged thefts admissible under Rule 403 for the reasons set forth in the Court's oral ruling, namely that the evidence is not *unfairly* prejudicial. Indeed, the evidence is not unfairly prejudicial because the alleged thefts are not collateral to the charged offenses; rather, they arise out of the same circumstances as the charged offenses. *See United States v. Lang*, 717 F. App'x 523, 531 (6th Cir. 2017) (affirming the admission of evidence that the defendant was skimming cash from the pill mill she operated under Rule 403 because it was not plainly unfair to admit that evidence given that the financial crime was not "entirely collateral to the charged offenses").

In sum, evidence of defendant's alleged thefts satisfies each step of the Rule 404(b) analysis. Evidence that defendant skimmed funds from the clinics is therefore admissible under Rule 404(b) to prove defendant's state of mind with respect to her decision to join

the conspiracies alleged in the indictment and her knowledge that the enterprise's clinics were not legitimate pain clinics. Accordingly, the Court finds that defendant's motion *in limine* to exclude evidence of defendant's alleged thefts under Rule 404(b) was properly **DENIED**.

b. **Rule 403**

Defendant reasserts her argument that evidence of her alleged thefts is inadmissible as unfairly prejudicial under Rule 403. As stated above, the Court reaffirms its prior ruling on defendant's motion to exclude this evidence under Rule 403 for the reasons stated *supra* and at the pretrial conference. Accordingly, the Court finds that defendant's motion *in limine* to exclude evidence of defendant's alleged thefts under Rule 403 was properly **DENIED**.

**III. Conclusion**

The Court has reconsidered defendant's Motion *in Limine* to Exclude Evidence of Alleged Thefts As Impermissible Evidence of Prior Bad Acts [Doc. 585] and finds that motion was properly **DENIED** for the reasons stated at the pretrial conference and the reasons contained herein. The Court will instruct the jury on the permissible purposes for which it may consider evidence of defendant's alleged thefts.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE