UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-27-TAV-DCP |
| SYLVIA HOFSTETTER, CYNTHIA CLEMONS, COURTNEY NEWMAN, and HOLLI WOMACK, | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Defendant Newman has moved to exclude from evidence letters issued by the Tennessee Department of Health to the "Top 50 Opioid Prescribers" in the state [Docs. 795, 806], and defendants Clemons, Womack, and Hofstetter orally joined the motion. The government, which seeks to introduce top-50 letters addressed to defendants Newman, Clemons, and Womack, opposed the motion orally and filed a written motion asking the Court to admit the letters [Doc. 807]. For the reasons discussed herein, the Court will **GRANT** defendants' motion and **DENY** the government's motion.

Defendants make two principal arguments. First, defendant Newman contends in the motion that the letters the government apparently intends to introduce through witness Tracy Bacchus are irrelevant under Federal Rule of Evidence 401, and even if they were relevant, they are inadmissible under Rule 403 because the evidence is prejudicial, will confuse the issues, and mislead the jury [Doc. 795 (citing Fed. R. Evid. 401,

403)]. Defendant Clemons supported this argument in discussion of the motion in open court on December 12, 2019, arguing that the letters are irrelevant to the ultimate issue here: whether the nurse practitioner defendants issued prescriptions for a legitimate medical purpose in the course of professional practice; rather, fifty (50) people will receive top-50 letters, regardless of their actual prescribing practices. Trial Tr. for Dec. 12, 2019, at 256–57 [hereinafter Trial Tr.]. Moreover, defendant Clemons argued, seeming to make a Rule 404(b) argument, that the letters would confuse the issue by doing nothing more than casting the prescribers in a negative light. *Id.* at 257–58. Defendant Hofstetter contended that the letters would be prejudicial, in part, because they covered a period during which all three provider defendants worked at other clinics, *id.* at 258, and defendant Newman noted that that data could not be broken down by month or by employer, so defendants could not elicit testimony regarding each defendant's employment status at the time she issued the prescriptions. *Id.* at 253. Defendant Clemons stated that defendants did not receive the letters until after their employment at the clinics in this case ended, so they could not have used the information contained in the letters to affect their practices during the timeframe of the alleged conspiracy. *Id.* at 269.

Second, defendant Newman argues that if the Court allows the government to introduce records from the Tennessee Department of Health ("DOH"), then defendants ought in fairness to be able to offer into evidence other documents from the DOH [Docs. 795, 806], documents for which the magistrate judge denied a subpoena duces tecum

[Doc. 531 p. 11]. Defendant asks for more time to present arguments that these latter documents are relevant and should be produced [Doc. 795].[1]

The government argues the letters are highly relevant and not unfairly prejudicial. Responding to defendant Clemons's relevancy argument in open court, the government contended that the letters are relevant because they go to whether the prescriptions issued by the providers were for a legitimate medical purpose and outside the scope of professional conduct. Trial Tr. at 261. The letters provide information regarding the quantity of prescriptions and the quantity of specific drugs prescribed, both of which go to the issue of patient volume. *Id.* at 272. According to the government, the letters are probative of the question of whether the providers were able to provide individualized care, or whether they were seeing so many patients and prescribing so many pills that they were not doing so and were not prescribing drugs for a legitimate medical purpose. *Id.* While the government agreed that the letters are harmful and prejudicial, it contended that the letters are highly probative, and it argued that the jury could use its common sense to evaluate the weight to give the letters. *Id.* at 262. The government also noted that defendants have had the Tennessee Prescription Monitoring Program data for the

---

[1.] Defendant Newman also argued in open court that introducing the records would present a potential Confrontation Clause issue if defendants were unable to cross-examine a witness regarding the meaning of the letters, the legitimacy of the prescription data, and the manner in which the data was compiled, among other issues. Trial Tr. at 253–54. The government responded that it could endeavor to subpoena the person who collated the data to testify. *Id.* at 272. The Court does not need to address this issue or defendant's fairness argument because it grants the motion on other grounds.

relevant calendar year for each provider and could use that data to advance arguments about the weight the jury should give the letters. *Id.* at 261–62.

In its motion to admit the letters, the government argues that the letters are admissible as public records under Federal Rule of Evidence 803(8)'s exception to the general bar against hearsay [Doc. 807]. The government cites case law indicating this Court, as well as other courts, have admitted alert letters and public reports similar to the letters at issue in this case under Rule 803(8) [*Id.*].

**I.  Analysis**

Regardless of whether the letters are admissible under Rule 803(8), they are only admissible under Federal Rule of Evidence 402 if they meet the bar for relevance under Rule 401 and if they are not inadmissible under Rule 403 or another rule. Fed. R. Evid. 803(8), 402, 403. Here, the letters are not clearly relevant; admitting them carries a high risk of Rule 403 unfair prejudice and confusing the issues; and, they are inadmissible as improper other acts evidence under Rule 404(b).

**A.  The Letters' Relevance**

The Court finds that the letters are of questionable relevance. Rule 402 of the Federal Rules of Evidence states that relevant evidence is generally admissible, whereas irrelevant evidence is inadmissible. Fed. R. Evid. 402. Rule 401 provides a two-prong test for determining whether evidence is relevant: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The

relevance threshold established by Rule 401 is very low. *United States v. Lang*, 717 F. App'x 523, 539 (6th Cir. 2006) (citing *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009)).

In this case, the letters are probative of the fact that the providers were in the "Top 50 Opioid Prescribers" in Tennessee, but they do not speak to the issue of whether the prescriptions issued by the providers at the clinics in this case were issued for a legitimate medical purpose in the course of professional practice. As defendant Clemons notes, Trial Tr. at 256–57, fifty (50) prescribers in Tennessee will receive a letter from the Tennessee Department of Health, regardless of their prescribing practices. The fact of being a "Top 50" prescriber is not a fact of consequence in determining this action.

### B. Unfair Prejudice and Confusing the Issues

However, even if the Court accepted the government's argument that the letters are relevant, it would grant defendants' motion because of the very high risk of unfair prejudice and confusing the issues. Rule 403 of the Federal Rules of Evidence permits the exclusion of relevant evidence only if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. Unfairly prejudicial evidence is evidence that "tends to suggest decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988) (citing *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986). Rule 403 favors admission and establishes a high bar for exclusion, *Lang*, 717 F.

App'x at 538, and district courts enjoy "broad discretion" in performing Rule 403 balancing. *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).

The letters at issue report data from the calendar year of 2014, thus including prescriptions issued by each of the three (3) prescribers at clinics other than the clinics in this case. Defendant Newman left the Lovell Road clinic in March 2014, and she received the first letter from the Department of Health after her departure. Trial Tr. at 7. Although defendant Womack was employed at the Lenoir City and Lovell Road clinics from January to late July/early August 2014, *id.* at 11, defendant Womack contends that she prescribed for about two (2) months at the clinics in this case and six (6) months at another clinic in 2014. *Id.* at 15–16. While defendant Clemons worked at the Lenoir City and Lovell Road clinics for all of 2014, *id.* at 9, she also worked at two (2) other clinics during the latter part of that year, and she received the top-50 letter after the Lenoir City and Lovell Road closed. *Id.* at 17. Because the letters do not separate the data based on prescriptions per month or the provider's employer at the time the prescription was issued, they present a substantial risk of unfair prejudice and confusing the issues. They invite the jury to decide the legitimacy of the providers' prescribing practices at the Lenoir City and Lovell Road clinics on the basis of the volume of prescriptions they issued at various clinics, some not related to the clinics in this case, rather than the quality (or clinic specific quantity) of the care they provided at Lenoir City and Lovell Road. This confusion of the issues could therefore suggest decision on an improper basis, thus unfairly prejudicing defendants. The danger of prejudice is

6

particularly unfair with respect to defendants Newman and Womack, given that the records not only could invite decision on an improper basis, but tend to suggest decision based on data reflecting only two to three months of employment at the clinics in this case.

Given the letters' questionable relevance, the Court finds that the dangers of unfair prejudice and confusing the issues substantially outweigh the letters' probative value under Rule 403. Fed. R. Evid. 403.

### C. Other Acts Character Evidence

Finally, although no party specifically mentioned Rule 404(b), defendant Clemons's argument regarding confusing of the issues took the form of a Rule 404(b) argument, which the Court will address. Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act to prove a person's character to show that on a particular occasion, the person acted in conformity therewith. Fed. R. Evid. 404(b)(1). However, evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Yet, the proponent of the evidence must identify a specific purpose for which the evidence is offered, *United States v. Merriwether*, 78 F.3d 1070, 1076 (6th Cir. 1996), and the district court must determine that this permissible purpose is "in issue" in the case and that the evidence is probative of that factor. *United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994). For instance, the Sixth Circuit has stated that intent is in issue "where there is thrust upon the government, either by virtue of the

defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent." *Id.* at 1192. And, it has suggested that knowledge is in issue if the defendant claims that he unknowingly or "unwittingly engag[ed] in unlawful activity." *Merriwether*, 78 F.3d at 1077. Even if intent or knowledge or another permissible purpose is "in issue," the Court may not admit the evidence unless it also finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.*

Defendant Clemons argued that admitting the letters would do no more than cast the prescribers in a negative light, Trial Tr. at 257–58, implying the government would use the letters to suggest that because the providers arguably overprescribed in 2014, they overprescribed while working at the clinics in this case. Examination of the letters in light of the government's relevancy arguments does in fact indicate that the letters would be admitted for an impermissible purpose under Rule 404(b)—namely to prove the providers' arguable disregard of legitimate prescribing practices in 2014 to show that because the providers acted in a certain way in 2014, they acted in conformity with that character while employed at the Lenoir City and Lovell Road clinics. Whether the practitioners' intent is "in issue" in this case, the letters are not probative of intent because, as discussed, they only report data on volume of overall prescriptions and quantity of drugs prescribed, not quality of care or prescription practices specific to the clinics in this case. Similarly, the letters are not probative of knowledge because the

8

providers received the DOH letters subsequent to their employment at the Lenoir City and/or Lovell Road clinics. Finally, as discussed, *supra* p. 5–6, the probative value of the letters is substantially outweighed by the dangers of unfair prejudice and confusion under Rule 403. Thus, the letters are inadmissible under Rule 404(b).

**II.     Conclusion**

Because the letters at issue are of questionable relevance under Rule 401, and because their probative value, if any, is substantially outweighed by the dangers of unfair prejudice and confusing the issues, the Court will exclude them under Rule 403, noting that they are also inadmissible under Rule 404(b). Fed. R. Evid. 401, 403, 404(b). Defendant's motion [Doc. 795] is accordingly **GRANTED**, and the government's motion [Doc. 807] is **DENIED**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE